IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2010

## QUINTELL DESHON  HARDY v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-182     Joe H. Walker, Judge**

---

**No. W2009-02633-CCA-R3-HC  - Filed January 12, 2011**

---

The petitioner, Quintell Deshon Hardy, appeals the dismissal of his petition for writ of habeas corpus by the Circuit Court of Hardeman County.  He pled guilty to second degree murder, a Class A felony, and was sentenced as a multiple offender to thirty years in the Tennessee Department of Correction.  In the habeas corpus petition, the petitioner claimed his sentence should be vacated because the State gave no notice of its intent to seek an enhanced sentence, as required under Tennessee Code Annotated section 40-35-202(a).  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Quintell Deshon Hardy, Pro Se,  Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

The judgment form states that the petitioner pled guilty to second degree murder on June 5, 2006.  The petitioner subsequently filed a petition for post-conviction relief.[1] Quintell Hardy v. State, M200700543CCAR3CD, 2008 WL 624932, at *1 (Tenn. Crim. App., at Nashville, Mar. 4, 2008).  The petition challenged the voluntariness of the guilty plea.  Id.  The petitioner was originally charged with first degree murder.  Id.  At the post-conviction hearing, the petitioner acknowledged that he received a negotiated sentence under

---

[1]The petitioner had the assistance of counsel in the post-conviction proceeding.

the plea agreement. Id. at *6. The post-conviction court denied the petitioner relief, finding that his guilty plea was knowing and voluntary. Id. at *3. This court affirmed the judgment of the post-conviction court. Id. at *6.

The petitioner filed a pro se petition for writ of habeas corpus on October 2, 2009.[2] It claimed his sentence should be vacated because the State gave no notice of its intent to seek an enhanced sentence, as required under Tennessee Code Annotated section 40-35-202(a). This statute provides:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea[.] . . .

T.C.A. § 40-35-202(a) (2005). The petition was accompanied by a motion for appointment of counsel. The record does not contain an order addressing the petitioner's request for counsel.

The habeas corpus court dismissed the petition without a hearing. The order was issued on November 2, 2009. It did not directly address the petitioner's claim that the State failed to provide pretrial notice of enhancement. The habeas corpus court found that the petitioner waived his right to challenge his offender classification by pleading guilty. It noted that a negotiated sentence could exceed the maximum sentence for a particular offender classification. The habeas corpus court stated: "A plea-bargained sentence may legally exceed the maximum available in the offender Range so long as the sentence does not exceed the maximum punishment authorized for the plea offense." It concluded that the convicting court had jurisdiction to sentence the petitioner and that the petitioner's sentence had not expired. Following the denial of relief, the petitioner filed a notice of appeal.[3]

---

[2] The record also includes a pro se amended petition. This document does not have a filing date, and it raises the same arguments as the original petition.

[3] There is a discrepancy in the record regarding when the notice of appeal was filed. The notice of appeal states that it was filed on December 10, 2009. However, the record includes an order stating that the notice was filed on December 14. This discrepancy is inconsequential, as both dates exceed the thirty-day period for filing a notice of appeal. See T.R.A.P. 4(a). This requirement is not jurisdictional, and it may be waived in the interest of justice. Id. The State has not argued that it was prejudiced by the untimely notice. Therefore, we choose to address the merits of the petitioner's appeal.

## ANALYSIS

The petitioner claims he is entitled to a new sentencing hearing because the State failed to provide notice of an enhanced sentence, as required under Tennessee Code Annotated section 40-35-202(a). He argues that the habeas corpus court erred in denying relief without directly addressing the notice requirement. The petitioner also asserts that the habeas corpus court should have appointed counsel to argue his petition. In response, the State contends the habeas corpus court properly dismissed the petition. It cites to numerous decisions from this court holding that the State's failure to provide pretrial notice of enhancement does not render a sentence void or illegal. The State argues that the petitioner has not shown that his sentence is void or expired.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of

habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In this case, the petitioner has not shown that his sentence is void or expired. This court has consistently held that the State's failure to provide sufficient notice of enhancement renders a judgment voidable, and not void. See Jose Holmes v. Howard Carlton, Warden, No. E2009-01960-CCAR3-HC, 2010 WL 3365926, at *2 (Tenn. Crim. App., at Knoxville Aug. 26, 2010); Timothy E. Higgs v. State, No. E2005-02712-CCA-R3-HC, 2006 WL 3628074, at *2 (Tenn. Crim. App., at Knoxville, Dec. 14, 2006); James C. Johnson v. Tony Parker, Warden, No. W2005-01570-CCA-R3-HC, 2006 WL 1168830, at *3 (Tenn. Crim. App., at Jackson, May 2, 2006); Gary Wayne Calhoun v. Howard W. Carlton, Warden, No. E2005-00001-CCA-R3-HC, 2006 WL 433680, at *3 (Tenn. Crim. App., at Knoxville, Feb. 23, 2006); Elton Bowers v. State, W2004-02407-CCA-R3HC, 2005 WL 1651751, at *3 (Tenn. Crim. App., at Jackson, July 13, 2005); Milburn L. Edwards v. State, No. M2004-01378-CCA-R3-HC, 2005 WL 544714, at *2 (Tenn. Crim. App., at Nashville, Mar. 7, 2005); see also Edwards v. State, 269 S.W.3d 915, 924-25 (Tenn. 2008) (holding that improper classification as a persistent offender would only render a judgment voidable). Therefore, even if the petitioner's claim is true, he would not be entitled to habeas corpus relief.

We recognize that the habeas corpus court did not address the petitioner's claim about the notice of enhancement. The court focused entirely on whether the petitioner was sentenced outside of the applicable sentencing range. The petitioner claims he did not challenge this issue on appeal. Because the petitioner does not contest the terms of his sentence, the only conceivable argument would be that proper notice altered his decision to plead guilty. This court has already determined that the petitioner entered his plea agreement knowingly and voluntarily. See Quintell Hardy, 2008 WL 624932, at *1.

We also note that the habeas corpus court did not heed the petitioner's request for counsel. He claims appointed counsel would have properly presented his claim about the notice of enhancement. As stated above, a habeas corpus court is permitted to dismiss the petition without the appointment of a lawyer provided that the face of the judgment does not indicate that the convictions are void. Passarella, 891 S.W.2d at 627; see also Summers, 212 S.W.3d at 260 (stating that a petitioner does not have a right to counsel in habeas corpus proceedings). This issue is without merit.

-4-

**CONCLUSION**

Upon review, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. McMULLEN, JUDGE