IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 3, 2007 Session

## MICHAEL DWAYNE EDWARDS v. STATE OF TENNESSEE, WAYNE BRANDON, Warden

**Appeal from the Circuit Court for Hickman County**
**No. 06-5020C      Jeff Bivins, Judge**

---

**No. M2006-01043-SC-R11-HC - Filed September 18, 2008**

---

We granted the State's application for permission to appeal to consider whether the Court of Criminal Appeals erred in remanding this habeas corpus case to the trial court for a hearing on Michael Dwayne Edward's claim that his sentence is illegal. After careful consideration we conclude that, even assuming the trial court erroneously classified Edwards as a persistent offender for sentencing, this non-jurisdictional error renders the judgment voidable, not void, and does not entitle Edwards to habeas corpus relief. Accordingly, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court dismissing the habeas corpus petition.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Reversed; Judgment of the Trial Court Reinstated**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, and WILLIAM C. KOCH, JR., JJ., joined. GARY R. WADE, J., filed a dissenting opinion, in which JANICE M. HOLDER, J., joined.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; and Leslie E. Price, Assistant Attorney General, for the Appellant, State of Tennessee, Wayne Brandon, Warden.

Dana Dye, Centerville, Tennessee, for the Appellee, Michael Dwayne Edwards.

## OPINION

### I. BACKGROUND

On January 24, 1998, Edwards participated in a burglary of a car dealership in Henry County. On November 4, 1998, a jury convicted Edwards of the offense. On December 9, 1998, the trial court sentenced Edwards on the burglary conviction, classifying him as a persistent offender and imposing a Range III, nine-year sentence. Edwards appealed, raising a single issue, the sufficiency of the evidence to support his conviction. The Court of Criminal Appeals affirmed his conviction,

and this Court denied his application for permission to appeal. See State v. Edwards, No. W1999-00591-CCA-R3-CD, 2000 WL 674671 (Tenn. Crim. App. May 16, 2000), perm. app. denied (Tenn. Dec. 4, 2000).[1]

On March 22, 2006, almost six years after the conclusion of his appeal as of right, Edwards filed a habeas corpus petition in Hickman County, where he was incarcerated,[2] challenging the judgment classifying him as a persistent offender. Edwards argued that, at the time of sentencing, he lacked the five prior convictions necessary to support the persistent offender classification. According to Edwards, one of the convictions used to support the classification, felony evading arrest, occurred after the burglary and did not qualify as a "prior conviction" for purposes of the persistent offender statute. As a result, Edwards argued, the trial court lacked jurisdiction and authority to classify him as a persistent offender.

In order to substantiate his claim, Edwards attached several documents to his petition, including the State's notice of sentencing status, on which the following handwritten notation appears: "Henry County Circuit Court-Minutes/entries Judge's Docket Book Docket No. 12756 Evading (F/E) 9/30/98." Edwards also attached copies of five judgments of conviction, including a copy of the judgment on the felony evading arrest conviction, which listed the offense date as May 19, 1998, five months after the burglary was committed. Edwards did not attach a transcript of the sentencing hearing.

The following statutory provisions place Edwards' habeas corpus claim in context. "A 'persistent offender' is a defendant who has received: (1) [a]ny combination of five (5) or more prior felony convictions within the conviction class or higher, or within the next two (2) lower felony classes where applicable." Tenn. Code Ann. § 40-35-107(a) (2006).[3] For purposes of the persistent offender statute, "'prior conviction' means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced." Tenn. Code Ann. § 40-35-107(b)(1) (2006); see also State v. Blouvett, 904 S.W.2d 111, 113 (Tenn. 1995) (construing the statutory term "prior conviction" to mean "a conviction that has been adjudicated prior to the commission of the more recent offense for which sentence is to be imposed"). Persistent offenders receive Range III sentences. Tenn. Code Ann. § 40-35-107(c) (2006). Sentences in Range III carry higher criminal penalties and require offenders to serve a greater portion of the sentence before becoming eligible for release. Tenn. Code Ann. § 40-35-107 (2006), Sentencing Comm'n cmts; see Tenn. Code Ann. § 40-35-501(e) (2006). The punishment range for burglary, a Class D felony, is

---

[1] A detailed recitation of the facts underlying Edwards' burglary conviction, while not relevant to the issue in this habeas corpus appeal, appears in the decision of the Court of Criminal Appeals.

[2] See Tenn. Code Ann. § 29-21-105 (2000) (providing that petitions seeking habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant.").

[3] The relevant portions of the sentencing statutes cited in this opinion have not changed since Edwards' sentencing hearing; thus, this opinion refers to the current version of these statutes.

between two and twelve years, with sentences in Range III from eight to twelve years. Tenn. Code Ann. § 39-14-402(c) (2006) (stating that burglary is a Class D felony); Tenn. Code Ann. § 40-35-112(c)(4) (2006) (providing Range III sentence for Class D felonies). "The finding that a defendant is or is not a persistent offender is appealable by either party." Tenn. Code Ann. § 40-35-107(d) (2006).

The State moved to dismiss Edwards' habeas corpus petition, asserting that neither the petition nor the attachments established that the evading arrest conviction actually served as a basis for Edwards' persistent offender classification. The State also maintained that, even if true, Edwards' assertions failed to establish grounds for habeas corpus relief. Thereafter, the trial court summarily dismissed the petition, concluding without additional comment, that the petition failed to establish grounds for habeas corpus relief.

Edwards appealed. The Court of Criminal Appeals reversed and remanded to the trial court for the appointment of counsel and for an "evidentiary hearing." In so doing, the Court of Criminal Appeals stated that it could not "ascertain . . . whether the convicting court relied upon the evading arrest conviction in arriving at the range determination, whether there were other prior felonies considered[,] or whether the petitioner agreed to be sentenced outside the range." The Court of Criminal Appeals instructed the Hickman County habeas corpus court to determine on remand "whether the petitioner's range classification was improper" and to remand the case to the convicting court in Henry County "for appropriate sentencing" if it concluded that "the sentence imposed was illegal."

The State filed a petition for rehearing in the Court of Criminal Appeals, arguing that the trial court properly dismissed the habeas corpus petition because, "even if true, the illegal range determination would render the petitioner's sentence merely voidable, not void." The State relied upon McConnell v. State, 12 S.W.3d 795 (Tenn. 2000), for the proposition that non-jurisdictional errors in offender classification do not result in an illegal sentence or provide grounds for habeas corpus relief. The Court of Criminal Appeals acknowledged that, under McConnell, "offender classification can be the subject of plea negotiations and agreed to by a defendant provided that the sentence imposed is within the statutory authority of the sentencing act." However, the Court of Criminal Appeals limited the reasoning of McConnell to plea-bargained sentences, emphasizing that "[u]nlike the situation described in McConnell, the challenged judgment in this case resulted from a sentence imposed by the trial court after a jury conviction." Citing McLaney v. Bell, 59 S.W.3d 90, 92-95 (Tenn. 2001), the Court of Criminal Appeals also denied the State's request for clarification of the remand for an "evidentiary hearing." Thus, the Court of Criminal Appeals denied rehearing.

Thereafter, the State filed an application for permission to appeal, which we granted.[4]

_____

[4]After granting the State's application, we became concerned that the appeal had been rendered moot by the passage of time. We raised this issue at oral argument and thereafter permitted the State to supplement the record on

(continued...)

Having fully considered the record and the relevant authorities, we conclude that, taken as true, Edwards' assertions do not establish grounds for habeas corpus relief.

## II. STANDARD OF REVIEW

Whether habeas corpus relief should be granted is a question of law. Thus, we apply de novo review and afford no presumption of correctness to the findings and conclusions of the courts below. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

## III. ANALYSIS

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which declares that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Furthermore habeas corpus procedure in Tennessee has been regulated by statute since the mid-nineteenth century. See Code of Tennessee §§ 3720 to 3765 (Return J. Meigs & William F. Cooper eds., E.G. Easterman & Co. 1858); Summers, 212 S.W.3d at 255; State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000). While the statutory language[5] describing the writ appears broad, in fact, "'[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993) (quoting Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)). Indeed, recognizing the limited nature of Tennessee's habeas corpus procedure, the Legislature enacted the Post-Conviction Procedure Act to provide a collateral procedure that allows state courts to consider and to remedy a broader range of claims. See Tenn. Code Ann. §§ 40-30-101 to -122 (2006); Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); Luttrell, 644 S.W.2d at 409.

Moreover, this Court has repeatedly emphasized the limited scope of the remedy afforded by habeas corpus proceedings. See, e.g., May v. Carlton, 245 S.W.3d 340, 344 (Tenn. 2008); Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); Hickman, 153 S.W.3d at 20. It is well-settled that "a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction." State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963). Furthermore, "the writ of habeas corpus cannot be used to

---

[4](...continued)

appeal with certain post-judgment facts. We also allowed the parties to file supplemental briefs addressing the mootness issue in light of these post-judgment facts. Upon further consideration, we decline to base our decision on this ground. Edwards' sentence clearly had not expired at the time he filed his habeas corpus petition in March 2006. In an affidavit filed by the State, a Department of Correction employee states that Edwards' burglary sentence expired on August 9, 2007.

[5]See Tenn. Code Ann. § 29-21-101 (2000) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

serve the purpose of an appeal or writ of error." Id. Rather, habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). "'When the restraint, from which relief is sought by a writ of *habeas corpus*, proceeds from a judgment erroneous but not void, the writ will not lie. Nor, under it, can the party impeach a judgment as contrary to the facts.'" Archer, 851 S.W.2d at 161 (quoting State ex rel. Karr v. Taxing Dist. of Shelby County, 84 Tenn. 240, 249 (1886)). "'But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired, relief may be had by the writ.'" Id. Stated differently, a successful habeas corpus petitioner must demonstrate that the challenged judgment is "void" and not merely "voidable." May, 245 S.W.3d at 344; Faulkner, 226 S.W.3d at 361; Summers, 212 S.W.3d at 255; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Archer, 851 S.W.2d at 164; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

The determinative issue, then, in every habeas corpus proceeding is whether the challenged judgment is void. Not surprisingly, this Court has often attempted to define and to describe void judgments and to distinguish them from voidable judgments. We have described a voidable judgment as "facially valid [requiring] proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). In contrast, we have explained that

> "[a] void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which want of jurisdiction may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given."

Lynch v. State ex rel. Killebrew, 179 Tenn. 339, 166 S.W.2d 397, 398 (1942) (quoting New York Cas. Co. v. Lawson, 160 Tenn. 329, 336, 24 S.W.2d 881, 883 (1930)). We have explained that the question of whether a judgment is void "is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." State ex rel. Anglin v. Mitchell, 575 S.W.2d 284, 287 (Tenn. 1979) overruled on other grounds by Archer, 851 S.W.2d at 162-164. Thus, for purposes of habeas corpus proceedings, the term "jurisdiction" is synonymous with the term "authority." See, e.g., Lynch, 166 S.W.2d at 398-99 ("But here the Court was without authority to punish by confinement in the training school for any period, and [it], therefore exceeded [it's] jurisdictional authority.").

These decisions defining void judgments recognize that the setting of punishment for criminal offenses is a legislative function. See Lavon v. State, 586 S.W.2d 112, 115 (Tenn. 1979); Sandford v. Pearson, 190 Tenn. 652, 661, 231 S.W.2d 336, 339 (1950). Statutes prescribing and defining available punishments both confer and limit the jurisdiction of trial courts to impose sentences for criminal offenses. See Smith v. Lewis, 202 S.W.3d 124, 127-28 (Tenn. 2006);

McConnell, 12 S.W.3d at 798. Thus, as we have previously held, trial courts lack jurisdiction to impose sentences in direct contravention of a governing sentencing statute. Similarly, trial courts lack jurisdiction to impose sentences not available under the sentencing statutes governing the case. Such sentences are illegal, amounting to "jurisdictional defect[s]"[6] that render the judgments imposing them void and subject to attack in a habeas corpus proceeding. See, e.g., May, 245 S.W.3d at 340 (granting habeas corpus relief where the judgment included a declaration of infamy for a crime not declared infamous by the statutes in effect when the offense was committed and the sentence imposed); Smith, 202 S.W.3d at 127-28 (holding a judgment void because it included a release eligibility percentage in clear contravention of a statute requiring child rapists to serve their entire sentences); Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000) (granting habeas corpus relief where the judgment included an "illegal and void" sentence of life imprisonment without the possibility of parole which was not available under the statute in effect at the time the defendant committed the offense); Archer, 851 S.W.2d at 163 (describing the judgment in Henderson v. State ex rel. Lance, 220 Tenn. 520, 419 S.W.2d 176 (1967) as "facially void" and stating that the trial court was "without jurisdiction or authority to enter judgment against Lance with a provision for concurrent sentencing" because a statute mandated consecutive sentencing); State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) (describing as illegal and a "nullity" a judgment which imposed concurrent sentences in "direct contravention" of a statute requiring consecutive sentences); Lynch, 166 S.W.2d at 398 (holding a judgment "void" and stating that the trial court acted "beyond [its] jurisdiction" in sentencing a minor to the "State Training and Agricultural School for one year," when the relevant statute only authorized sentencing to the "workhouse or jail").

Our prior decisions also illustrate that the availability of habeas corpus relief is not dependent upon the manner of imposition of the sentence. In other words, habeas corpus relief is available whether the trial court imposed the illegal sentence after a jury trial or the parties agreed to the illegal sentence in plea negotiation. This is true because a guilty plea waives only non-jurisdictional defects. See State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002); State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). A guilty plea does not waive the jurisdictional defects that constitute grounds for habeas corpus relief, nor does a guilty plea confer jurisdiction upon the trial court to impose a sentence not available under governing statutes. See, e.g., Hoover v. State, 215 S.W.3d 776, 780 n.4 (Tenn. 2007) (cautioning "that the State may not confer through plea negotiations release eligibility for criminal offenses that are statutorily ineligible for early release"); Summers, 212 S.W.3d at 258 ("A court lacks jurisdiction to impose an agreed sentence that is illegal, even an illegally lenient one."); Smith, 202 S.W.3d at 128 (holding a plea-bargained sentence illegal because it contravened a statute that expressly prohibited early release eligibility for the plea offense); Carlton, 28 S.W.3d at 912 (stating that "the parties cannot by agreement salvage an illegal sentence or otherwise create authority for the imposition of a sentence that has not been authorized by statute"). Thus, habeas corpus relief is available to remedy truly illegal sentences whether a trial court imposed the illegal sentence after a jury trial or the parties agreed to it in plea negotiations. Id.

---

[6] McLaney, 59 S.W.3d at 93 (overruled on other grounds by Summers, 212 S.W.3d at 254); Coleman v. Morgan, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004) (quoting and applying McLaney's "jurisdictional defect" definition); McChristian v. State, 159 S.W.3d 608, 610 (Tenn. Crim. App. 2004).

The distinction lies not in the availability of relief but in the scope of the remedy habeas corpus affords. For example, where a trial court imposes an illegal sentence after a jury trial, the illegal sentence may be corrected in a habeas corpus proceeding, but the conviction will remain intact. See Smith, 202 S.W.3d at 130 (explaining that even though this Court granted relief for an illegal sentence in Carlton, 28 S.W.3d at 912, the first-degree murder conviction remained intact); see also State v. Stephenson, 195 S.W.3d 574, 593 (Tenn. 2006) (noting that, although the habeas corpus court on remand in Carlton entered a final judgment declaring the defendant's sentence null and void, the defendant's first degree murder conviction "remained valid and in effect"). Similarly, where an illegal sentence is imposed pursuant to a plea agreement but is not a material (bargained-for) element of the agreement, the illegal sentence may be corrected in habeas corpus, but the conviction will remain intact. See Smith, 202 S.W.3d at 128-130. However, where an illegal sentence is imposed as a material element of a plea agreement, "the illegal sentence renders the guilty plea, including the conviction, invalid." Summers, 212 S.W.3d at 259.

As the State points out, this Court has never indicated that plea agreements may include illegal sentences. To the contrary, Burkhart, one of the leading cases on the subject of illegal sentences, involved a plea-bargained sentence. Burkhart pleaded guilty to escape and received a concurrent sentence even though a statute required consecutive sentencing. When the Department of Correction notified Burkhart he would be required to serve his escape sentence consecutively, he filed a petition seeking relief. This Court granted relief, concluding that the concurrent sentence was imposed "in direct contravention of the express [statutory] provisions" and describing it as "a nullity," and an "illegal, as opposed to a merely erroneous, sentence." Burkhart, 566 S.W.2d at 873.

More relevant to the present appeal is the subsequent decision of State v. Mahler, 735 S.W.2d 226 (Tenn. 1987), in which the defendant pleaded guilty to second degree murder in exchange for a multiple offender classification and a fifty-year Range II sentence. As in this case, Mahler argued that he lacked the prior convictions necessary to support the multiple offender classification. This Court reaffirmed Burkhart, emphasizing that a "judgment imposed by a trial court in direct contravention of express statutory provisions regarding sentencing is illegal." Id. at 228 (citing Burkhart, 566 S.W.2d at 873). However, we denied Mahler relief, explaining that, even if his offender classification was erroneous, his sentence was not illegal because it fell within the applicable statutory range of punishment for second degree murder—ten years to life imprisonment. Mahler, 735 S.W.2d at 228. We also noted that Mahler waived any non-jurisdictional errors, such as offender classification, by pleading guilty. Id. Later, in Hicks v. State, 945 S.W.2d 706, 706 (Tenn. 1997), we rejected a post-conviction challenge to a "plea bargained Range II sentence" that had been "coupled with Range I release eligibility." In doing so, we reiterated "that a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. at 709.

More recently in McConnell, we considered a post-conviction challenge to the legality of a guilty plea that had been structured pursuant to the Criminal Sentencing Reform Act of 1982, even though the plea offense had been committed after the Criminal Sentencing Reform Act of 1989 became effective. 12 S.W.3d at 797. We reaffirmed the principle that offender classification and

release eligibility may be "subjects of plea bargain negotiations," emphasizing that "these elements of plea bargaining have been and still are properly characterized as non-jurisdictional." Id. at 798. However, we held the judgment in McConnell void because the plea-bargained sentence had been structured pursuant to a statute that was not in effect when McConnell committed the offense. Id. at 800. We held that such a jurisdictional defect could not be waived by a plea agreement, explaining:

> While it is true that a plea bargain agreement is contractual, contract principles extend only so far. The 1989 Act establishes the outer limits within which the State and a defendant are free to negotiate, and the courts are bound to respect those limits. If we accepted the State's argument that the 1989 Act is not jurisdictional, we could easily be left with the logical corollary to the matter before us: a plea bargained sentence *less* than the statutory minimum. Sentences beneath the minimum provided for by statute, however, have been consistently rejected as illegal. Yet the reasoning advanced by the State would permit this very result and would be an expansion of the trial court's jurisdiction by this Court. Such an expansion would be an obvious and impermissible intrusion on the clear Constitutional prerogative of the Legislature to define the contours of a trial court's jurisdiction.

Id. at 799 (citations and footnotes omitted).

In Hoover, the most recent decision addressing the nature of offender range classifications, we denied habeas corpus relief, stating:

> While Hoover's plea-bargained thirty-five-year sentence is outside the parameters of Range I offenders, the plea-bargained sentence is well within the overall punishment range authorized for Class A felony offenses, such as second degree murder. A review of this Court's decisions establishes that it is this latter range--the overall punishment range authorized for the plea offense--that controls the determination of whether an agreed sentence is legal.

215 S.W.3d at 779. Because Hoover's sentence did not exceed the maximum punishment statutorily authorized for the plea offense of second degree murder, we refused to grant habeas corpus relief. We "reiterate[d] that offender classification and release eligibility are non-jurisdictional" and that Hoover's guilty plea "waived any irregularity concerning his offender classification." Id. at 780-81 (emphasis added).

From the preceding discussion of our prior decisions, the following controlling principles emerge. Habeas corpus may not be used as a substitute for appeal. Rather, habeas corpus relief is limited to remedying jurisdictional defects that are apparent on the face of the judgment or the record

of the proceedings on which the judgment is rendered. For purposes of habeas corpus challenges to sentencing, jurisdictional defect means either a sentence that directly contravenes a governing statute or a sentence that was not available under governing statutes. However, habeas corpus relief is not available to remedy non-jurisdictional errors, i.e., factual or legal errors a court makes in the exercise of its jurisdiction. While the scope of the remedy differs as previously explained herein, the availability of habeas corpus relief does not depend upon whether the trial court imposed an illegal sentence after a jury conviction or the parties agreed to an illegal sentence as part of a plea agreement. Guilty pleas waive only non-jurisdictional errors. Guilty pleas do not waive the jurisdictional defects that constitute grounds for habeas corpus relief, nor do guilty pleas confer jurisdiction upon a trial court to impose an illegal sentence. However, offender classification is a non-jurisdictional element of sentencing. Thus, errors and/or irregularities in offender classification are waived by a guilty plea, and are not grounds for habeas corpus relief if the sentence is imposed by a trial court after a jury conviction. Simply stated, habeas corpus relief is not available to correct errors or irregularities in offender classification. Rather, relief for such non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief.

Applying these principles to the facts of this case, we conclude that the trial court properly dismissed Edwards' habeas corpus petition. While Edwards alleges that the trial court erred by classifying him as a persistent offender, Edwards does not dispute that the persistent offender classification was available under the statutes governing his sentencing. Cf. May, 245 S.W.3d at 340 (granting habeas corpus relief where the judgment included a declaration of infamy for a crime not declared infamous by the statutes in effect when the offense was committed); Carlton, 28 S.W.3d at 912 (granting habeas corpus relief where the judgment imposed a sentence not available under the statutes in effect when the offense was committed). Furthermore, Edwards does not and cannot assert that his nine-year sentence exceeds the statutory maximum available for persons convicted of the Class D felony of burglary. As previously stated, burglary carries a two-to-twelve-year statutory sentencing range. Cf. Hoover, 215 S.W.3d at 779 (holding the sentence legal because it did not exceed the overall punishment range authorized for the plea offense); Mahler, 735 S.W.2d at 228 (holding the sentence legal because it fell within the statutory range of punishment for second degree murder applicable at the time the offense was committed). Edwards' assertions amount to no more than a claim that the trial court erred in exercising the jurisdiction it clearly possessed under the governing sentencing statutes. Admittedly, Edwards may have obtained relief on his claim that the trial court erred had he exercised his statutory right and challenged the propriety of his persistent offender classification in an appeal as of right.[7] Additionally, Edwards could have raised this issue in support of a claim of ineffective assistance of counsel in a timely filed petition for post-conviction relief. However, Edwards is not entitled to habeas corpus relief on this claim, which, at most, renders his judgment voidable and not void. Thus, we hold that, taken as true, the allegations of Edwards' habeas corpus petition do not establish grounds for habeas corpus relief. Furthermore, we note that our holding is consistent with several decisions of the Court of Criminal Appeals affirming summary

[7] "The finding that a defendant is or is not a persistent offender is appealable by either party." Tenn. Code Ann. § 40-35-107(d) (2006).

-9-

dismissal of habeas corpus petitions alleging similar claims.[8]

As a result of our holding, we need not address the State's arguments that the Court of Criminal Appeals erred 1) in determining that Edwards provided an adequate record to avoid summary dismissal and 2) by remanding to the trial court for the appointment of counsel and for an "evidentiary hearing" on Edwards' claim. However, we note that Summers v. State, 212 S.W.3d 251, which addresses both of these issues, was released twelve days after the Court of Criminal Appeals' decision in this appeal.

## IV. CONCLUSION

Taken as true, the allegations of Edwards' habeas corpus petition and of the attached documents fail to establish that the judgment classifying him as a persistent offender and imposing a nine-year, Range III sentence is void. Thus, we reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court summarily dismissing Edwards' petition.

Pursuant to Tennessee Code Annotated section 40-14-207(a) (2006), attorneys appointed to represent indigent defendants are entitled to reasonable compensation for their services on appeal. Pursuant to Tennessee Supreme Court Rule 13(e)(1), for the purposes of seeking compensation, this case is declared to be complex and extended because it involved novel and complex legal issues and

---

[8]See, e.g., Vick v. State, No. W2006-02172-CCA-R3-HC, 2008 WL 80580 (Tenn. Crim. App. Jan. 8, 2008) (describing petitioner's challenge to his multiple offender classification as not cognizable in a habeas corpus proceeding); Higgs v. State, No. E2005-02712-CCA-R3-HC, 2006 WL 3628074 (Tenn. Crim. App. Dec. 14, 2006), perm. app. denied (Tenn. Mar. 12, 2007) (affirming summary dismissal of Higgs' petition challenging his persistent offender classification on the grounds that he lacked the requisite number of prior convictions to qualify as a persistent offender); Anderson v. Bell, No. M2006-01223-CCA-R3-HC, 2006 WL 3290826 (Tenn. Crim. App. Nov. 13, 2006), perm. app. denied (Tenn. Jan. 29, 2007) (affirming summary dismissal and stating that the petitioner's challenge to his career offender classification would at most render his twelve-year sentences voidable, not void); Carson v. Mills, No. W2005-00745-CCA-R3-HC, 2006 WL 16306, at *5 (Tenn. Crim. App. Jan. 4, 2006) ( holding that any error in classifying the petitioner for sentencing purposes would render the resulting judgments merely voidable, not void, and not subject to attack in habeas corpus); Moore v. Turner, No. W2005-01995-CCA-R3-HC, 2006 WL 473725 (Tenn. Crim. App. Feb. 28, 2006) (affirming summary dismissal and stating that the petitioner's challenge to his career offender classification would render his thirty-year sentence voidable, not void); Spooner v. State, No. E2004-02160-CCA-R3-HC, 2005 WL 1584357 (Tenn. Crim. App. July 7, 2005), perm. app. denied (Tenn. Dec. 5, 2005) (affirming summary dismissal of a habeas corpus petition and stating that Petitioner's claim that he lacked the requisite number of prior convictions to support his multiple offender classification would render the judgment voidable, not void); Lewis v. Parker, No. W2004-00465-CCA-R3-HC, 2004 WL 3021127 (Tenn. Crim. App., Dec. 30, 2004) (opining that an erroneous determination that petitioner's prior record of convictions qualified him for sentencing as a career offender neither results in a void judgment nor establishes that the trial court lacked jurisdiction to sentence the petitioner); Collins v. State, No. 03C01-9805-CR-00192, 1999 WL 544658 (Tenn. Crim. App. July 28, 1999), perm. app. denied (Tenn. Nov. 22, 1999) (stating that a challenge to the legality of a Range II multiple offender sentence is not cognizable in a habeas corpus proceeding); French v. Bell, No. 01C01-9801-CR-00022, 1999 WL 8277 (Tenn. Crim. App. Jan. 12, 1999), perm. app. denied (Tenn. Jun. 21, 1999) (affirming summary dismissal of a habeas corpus petition alleging that the sentencing court lacked authority to classify and sentence the petitioner as a persistent offender because the petitioner lacked the requisite number of prior felony convictions to support the classification); Mathews v. Raney, No. 02C01-9512-CC-00366, 1997 WL 206771 (Tenn. Crim. App. Apr. 28, 1997), perm. app. denied (Tenn. July 7, 1997) (affirming summary dismissal of a habeas corpus petition alleging that the trial court erroneously classified the petitioner as a persistent offender).

because counsel was required, at the request of the Court, to seek and obtain supplementary information not usually required to be obtained at this stage of the proceedings.

It appearing Edwards is indigent, costs of this appeal shall be taxed to the State, for which execution may issue if necessary.

_____
WILLIAM M. BARKER, CHIEF JUSTICE