SHARON G. LEE, J.,
concurring.
I write separately to state my position in this case. I concur with the views of my colleagues as expressed in the majority and concurring opinions that the defendant is not entitled to habeas corpus relief. My decision in this case would have been different had the trial court imposed this sentence on the defendant after a trial. However, because this was a voluntary guilty plea agreement, and not a sentence imposed by the trial court following a trial, the defendant waived any habeas corpus relief he may have been entitled to receive because the sentence he bargained for was within the statutory minimum and statutory maximum for the offense.
I do not join in Justice Wade’s concurring opinion because I do not think this is the appropriate case to decide the viability of Edwards v. State, 269 S.W.3d 915 (Tenn.2008). The majority opinion does not rely on Edwards nor cite it for any legal proposition. Neither party briefed or argued the merits of Edwards. Edwards is factually distinguishable as it involved a sentence imposed by the trial court after a trial, whereas this case concerns a guilty plea. Therefore, the affir-mance or reversal of Edwards should await a day when the issue is squarely before the Court. Today is not that day.