# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## SHAWN RAFAEL BOUGH v. JIM MORROW, WARDEN

### Appeal from the Circuit Court for Bledsoe County
### No. 2010-CR-13    Thomas W. Graham, Judge

_____

### No. E2010-01194-CCA-R3-HC - Filed May 24, 2011

_____

The Petitioner, Shawn Rafael Bough, appeals from the Bledsoe County Circuit Court's dismissal of his petition for habeas corpus relief. The State of Tennessee has moved to have this court summarily affirm the dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the motion and affirm the order of dismissal pursuant to Rule 20.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, J.J., joined.

Shawn Rafael Bough, appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner filed a pro se petition for writ of habeas corpus challenging his two concurrent sentences of life imprisonment with the possibility of parole and twenty-one years that he received from the Knox County Criminal Court in case number 68041A on one count of first degree felony murder and one count of especially aggravated robbery. In his petition, the Petitioner claimed that the trial court constructively amended the indictment after jeopardy had attached by way of the instructions given to the jury and without the Petitioner's consent. Specifically, the Petitioner argued that the trial court incorrectly instructed the jury

that the underlying felony on the first degree felony murder charge was especially aggravated robbery, rather than simple robbery as charged in the indictment. Attached to the petition included in the record were: (a) the indictment charging the Petitioner with one count of first degree premeditated murder, first degree felony murder and especially aggravated robbery; (b) the transcript of the jury instructions from the Petitioner's trial; (c) a Uniform Civil Affidavit of Indigency; and (d) the transcript from the Petitioner's sentencing hearing. Absent from the attachments to the petition were copies of the challenged judgments.

After the record was filed in this appeal, but before the Petitioner filed his principal brief, he filed a motion to supplement the record with Exhibit C to the petition filed in the trial court. The Petitioner represented in his motion to supplement that Exhibit C consisted of the challenged judgments entered in Knox County Criminal Court case number 68041A. This court granted the Petitioner's motion to supplement the record. The supplement to the record transmitted pursuant to this court's order contained Exhibit C to the petition, which did not consist of the challenged judgments as represented by the Petitioner in the motion filed with this court. After the supplement to the record was filed, this court received a motion to supplement the record intended by the Petitioner to be filed with the trial court. Attached to this motion to supplement were copies of the challenged judgments.

The trial court dismissed the petition for writ of habeas corpus on grounds that the challenged judgments were not attached to the petition as required by Tennessee Code Annotated section 29-21-107(b)(2). The trial court alternatively ruled that the Petitioner's claim, even if proven, would render his convictions merely voidable, not void as required for habeas corpus relief.

Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Edwards v. State, 269 S.W.3d 915, 920 (Tenn. 2008); Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The procedures applicable to seeking the writ are codified at Tennessee Code Annotated section 29-21-101 et seq. These procedures " 'are mandatory and must be followed scrupulously.' " Summers, 212 S.W.3d at 259 (quoting Archer, 851 S.W.2d at 165). A trial court properly may choose to summarily dismiss a petition without the appointment of counsel and without a hearing when a petitioner has failed to comply with the statutory procedural requirements. See Faulkner v. State, 226 S.W.3d 358, 365 (Tenn. 2007); Summers, 212 S.W.3d at 260-61. One of the statutory requirements for seeking habeas corpus relief is that the petitioner must annex to the petition a copy or copies of the judgment or judgments at issue. See Tenn. Code Ann. § 29-21-107(b)(2).

Because the Petitioner failed to attach to his petition copies of the challenged judgments, we conclude that the State's motion for summary affirmance is well-taken. We note that the Petitioner provided this court with copies of the challenged judgments during the course of this appeal. However, as previously noted, these copies of the judgment were never made a part of the record of the proceedings below. "We decide cases and controversies on the basis of the record as presented to us for our consideration, and not as they might, or should, have been presented." Dearborne v. State, 575 S.W.2d 259, 264 (Tenn. 1978).

In addition, as the trial court alternatively concluded, the Petitioner's claim, even if proven, would not entitle him to habeas corpus relief. See, e.g., Bobby A. Davis v. Howard Carlton, Warden, No. E2007-01279-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Knoxville, Feb. 4, 2008), perm. to appeal denied (Tenn. Apr. 28, 2008) (rejecting claim that trial court "constructively amended . . . indictment by its instructions to the jury" on grounds that "[t]his court has repeatedly found that erroneous jury instructions do not form the basis for habeas corpus relief"). As this court also concluded in the opinion affirming the denial of post-conviction relief in the Petitioner's case, "the petitioner was not prejudiced by the trial court's instructing the jury on the greater offense" as the underlying felony on the felony murder count. Shawn Rafael Bough v. State, No. E2007-00475-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App., Knoxville, Oct. 18, 2007), perm. to appeal denied (Tenn. Feb. 25, 2008).

Accordingly, we GRANT the State's motion for summary affirmance and the trial court's order dismissing the petition for writ of habeas corpus is AFFIRMED pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE