IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2011

## LESLIE L. COLEMAN v. JIM MORROW, WARDEN

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 2010-CR-40     Buddy D. Perry, Judge**

---

**No. E2010-02299-CCA-R3-HC - Filed August 22, 2011**

---

The petitioner, Leslie L. Coleman, pled guilty to one count of felony murder and one count of especially aggravated robbery. He was sentenced to concurrent terms of life in prison and fifteen years. He now appeals the summary dismissal of his petition for habeas corpus relief, arguing that the court below erred in concluding that the trial court had the authority to sentence him to life in prison. Because the petitioner has failed to establish that his judgment is void or that he is otherwise entitled to relief, we affirm the dismissal of his habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Leslie L. Coleman, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 17, 1991, the petitioner pled guilty to one count of felony murder and one count of especially aggravated robbery. He was sentenced to life in prison for the murder conviction and to a concurrent fifteen-year sentence for the robbery. He did not appeal his sentences but has filed three unsuccessful petitions for post-conviction relief since that time. On August 16, 2010, the petitioner filed the instant petition for habeas corpus relief, which the trial court summarily denied on September 21, 2010. The petitioner then filed a timely notice of appeal.

**Analysis**

Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2011). "[H]abeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (internal quotations omitted). Essentially, a writ of habeas corpus may only be used to contest a void, not a merely voidable, judgment. *Id.* "[T]he burden of showing the invalidity of the judgment is cast upon the petitioner." *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 280, 291-92 (1964).

A trial court may summarily dismiss a habeas corpus petition if "from the showing of the petitioner, the plaintiff would not be entitled to any relief." T.C.A. § 29-21-109 (2011); *see also Edwards*, 269 S.W.3d at 920 ("We have explained that the question of whether a judgment is void is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." (internal quotation omitted)). In determining whether habeas corpus relief should be granted, the question before the court is a question of law. *Edwards,* 269 S.W.3d at 919; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review on appeal is *de novo*, without affording any presumption of correctness to the findings or conclusions of the lower court. *Edwards*, 269 S.W.3d at 919 (*citing Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The petitioner argues that the lower court improperly dismissed his petition for failing to show entitlement to any relief. He urges that the imposition of a life sentence for felony murder was impermissible under the statutory sentencing scheme in place at the time of his sentencing, explaining that his life sentence was not a "determinate" sentence as required by the 1989 Sentencing Reform Act at section 40-35-211(1), and that life was not available as a sentencing option for a Class A felony under the 1989 Sentencing Act at section 40-35-112(a)(1). Both of the petitioner's arguments are mistaken.

With respect to the petitioner's first argument, the life sentence that the petitioner received was indeed, a determinate sentence within the meaning of the 1989 Sentencing Act and the statutory scheme under which he was sentenced. While a legal provision in place at the time of the petitioner's sentencing called for courts to impose a specific sentence length for any misdemeanor or felony, explaining in section 40-35-211(1) that "[t]here are no indeterminate sentences . . . [s]entences for all felonies and misdemeanors are determinate in nature," it further stated in the same section that "[s]pecific sentences for a felony shall be

for a term of years or months or life." T.C.A. § 40-35-211(1) (1991). The statute, therefore, expressly references and labels a "life" sentence as a "specific" sentence within the meaning of the statute. As such, the life sentence the petitioner received was, in fact, a determinate sentence.

The petitioner's second contention – that life in prison was not an available sentence for a Class A felony – flows from the mistaken premise that first degree murder was a Class A felony under the 1989 Sentencing Act. First degree murder, including felony murder, is not now and was not then a Class A felony. It was, and remains, in a class by itself, an offense classified even higher than a Class A felony. It was for *this* reason that the punishment of life imprisonment for felony murder was, as the petitioner has brought to our attention, consciously omitted from the sentencing matrix used to sentence defendants under the 1989 Sentencing Act – a matrix that encompassed felonies then-classified as Class A and below. *See generally* T.C.A. § 40-35-112(a) *et seq.* (1991).

Under the 1989 Sentencing Act and the sentencing scheme then in place, the punishment for first degree murder was specified by statutory section 39-13-202(b), which provided that "[a] person convicted of murder in the first degree shall be punished by death or by imprisonment for life." T.C.A. § 39-13-202(b) (1991). Thus, the statute expressly provided that a defendant who committed first degree murder could be sentenced to life. In accordance with this statute, the trial court properly sentenced the petitioner to life imprisonment (the minimum permissible punishment) after his guilty plea.

At the time the petitioner pled guilty, life imprisonment was a determinate sentence within the meaning of section 40-35-211(1), and was available as a sentence for felony murder pursuant to section 39-13-202(b). As such, the trial court had the authority to sentence the petitioner to life and that judgment is not void.

**Conclusion**

Because the petitioner has failed to show that his judgment has expired or that his judgment is void, the trial court did not err in summarily dismissing his petition for habeas corpus relief. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE