# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville July 23, 2013

## STATE OF TENNESSEE v. STEPHEN ANTHONY SCOTT

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40200176      Michael R. Jones, Judge**

---

**No. M2012-01416-CCA-R3-CO   Filed October 17, 2013**

---

Pursuant to this court's opinion in Stephen Anthony Scott v. State, No. M2010-00448-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 632, at *5 (Nashville, Aug. 16, 2011), the Montgomery County Circuit Court resentenced the appellant, Stephen Anthony Scott, to the presumptive minimum sentence in the range for his convictions of aggravated robbery, attempted aggravated robbery, especially aggravated kidnapping, aggravated kidnapping, and attempted robbery. Six months later, the trial court found the appellant to be an especially mitigated offender and further reduced his sentences for count 3, especially aggravated kidnapping, and count 4, kidnapping, by ten percent. On appeal, the appellant contends that the trial court erred by not allowing him to be sentenced pursuant to the 2005 amendments to the Tennessee Sentencing Reform Act of 1989, that the trial court erred by failing to sentence him as an especially mitigated offender for all of the offenses, and that his sentences violate Blakely v. Washington, 542 U.S. 296 (2004). Based upon the record and the parties' briefs, we conclude that the trial court was without jurisdiction to classify the appellant as an especially mitigated offender and could not reduce his sentences by ten percent. Therefore, the case is remanded to the trial court for reinstatement of his previous sentences for counts 3 and 4. Regarding the issues raised on appeal, we conclude that the appellant is not entitled to relief and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part, Reversed in Part, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Stephen Anthony Scott, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr.,

Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

This case has a complex procedural history. To summarize, in April 2003, a Montgomery County Circuit Court Jury convicted the appellant of count 1, aggravated robbery; count 2, attempted aggravated robbery; count 3, especially aggravated kidnapping; counts 4 and 5, aggravated kidnapping; count 6, kidnapping; and count 7, attempted robbery. State v. Stephen Anthony Scott, No. 2004-00927-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 567, at *1 (Nashville, June 7, 2005). On direct appeal, this court gave the following factual account of the crimes:

> On the evening of December 15, 2001, Laurie Goodman and Jason McClain were visiting at the home of Jay and Mary Hutchison. At about 11:00 p.m., Goodman and McClain left the residence. On his way to take Goodman home, McClain stopped to pick up the defendant to pursue a marijuana transaction.
>
> The defendant directed McClain to drive to an apartment complex where the marijuana was supposedly located. Upon arrival, the defendant exited the vehicle and proceeded into the complex to retrieve the marijuana. However, he returned with a gun and demanded money from both Goodman and McClain. Since the couple could only produce less than ten dollars, the defendant became agitated and slapped McClain in the ear with the gun. The defendant then forced McClain to drive him to get additional money.
>
> Unsure of a solution, McClain phoned the Hutchisons and drove back to their home. Jay Hutchison walked outside his home to meet McClain. With McClain at gunpoint, the defendant then demanded money from Jay Hutchison. However, Hutchison made it back inside his home and told his wife to phone the police.
>
> The defendant then drove away with Goodman and McClain inside the car. Briefly thereafter, the defendant

-2-

slammed on the brakes, demanded the watch and necklace of
McClain, and ran off, leaving the couple sitting in the car.

Id. at **2-3.

The trial court merged count 5 into count 3 and count 6 into count 4 and sentenced the appellant as a Range I offender to ten years at 30% for count 1, aggravated robbery, a Class B felony; four years at 30% for count 2, attempted aggravated robbery, a Class C felony; twenty-four years at 100% for count 3, especially aggravated kidnapping, a Class A felony; ten years at 100% for count 4, aggravated kidnapping, a Class B felony; and four years at 30% for count 7, attempted robbery, a Class D felony. See id. at **8-9. The trial court ordered that the appellant serve the sentences for counts 1, 2, and 3 concurrently for an effective sentence of twenty-four years; that he serve his ten-year sentence for count 4 consecutively to the effective twenty-four year sentence; and that he serve his four-year sentence for count 7 consecutively to the sentence for count 4 for a total effective sentence of thirty-eight years. See id. at *9. On appeal to this court, we ordered that the trial court resentence the appellant for count 4 due to the court's failure to apply a mitigating factor. Id. at *23. Upon remand, the trial court reduced the appellant's sentence for count 4 from ten years to nine years, resulting in a total effective sentence of thirty-seven years. Stephen Anthony Scott v. State, No. M2010-00448-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 632, at *5 (Nashville, Aug. 16, 2011).

Subsequently, the appellant raised a "Blakely claim" in federal district court, and that court granted habeas corpus relief, ordering that the trial court resentence the appellant pursuant to Blakely v. Washington, 542 U.S. 296 (2004). Stephen A. Scott v. Tony Parker, Warden, No. 3:09-0252, 2009 U.S. Dist. LEXIS 104149, at *6 (M.D. Tenn. July 14, 2009). As a result, on January 28, 2010, the trial court resentenced the appellant as follows: ten years at 30% for count 1, aggravated robbery; four years at 30% for count 2, attempted aggravated robbery; twenty-two years, six months at 100% for count 3, especially aggravated kidnapping; nine years at 100% for count 4, aggravated kidnapping; and three years at 30% for count 7, attempted robbery. Stephen Anthony Scott, No. M2010-00448-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 632, at **8-9. The trial court imposed the same partial consecutive sentencing as before for a total effective sentence of thirty-four years, six months. Id. at *9.

The appellant appealed to this court. In August 2011, this court concluded that the trial court misapplied the juvenile adjudication enhancement factor to the appellant's sentences and remanded the case to the trial court specifically for the entry of judgments to reflect the minimum presumptive sentence for each conviction. Id. at *25. On November 29, 2011, the appellant filed a motion requesting that he be permitted to execute a waiver

allowing him to be sentenced under the 2005 amendments to the Tennessee Sentencing Reform Act of 1989 and a motion objecting to any enhanced sentencing by the trial court.[1] That same day, the trial court followed this court's August 2011 directive. According to the record before us, the trial court entered the following judgments of conviction: eight years at 30% for count 1, aggravated robbery; three years at 30% for count 2, attempted aggravated robbery; twenty years at 100% for count 3, especially aggravated kidnapping; and eight years at 100% for count 4, aggravated kidnapping. The judgment for count 7, attempted robbery, that the trial court should have entered, is missing from the technical record.[2]

On June 4, 2012, the trial court held what it referred to as a "partial" sentencing hearing. During the hearing, the trial court found the appellant to be an especially mitigated offender pursuant to Tennessee Code Annotated section 40-35-109(a)(1) and further reduced his sentences for counts 3 and 4 by ten percent pursuant to Tennessee Code Annotated section 40-35-109(b). Two days later, amended judgments of conviction were filed for counts 3 and 4, showing that the trial court sentenced the appellant as an especially mitigated offender to eighteen years at 100% for count 3 and 86.4 months at 100% for count 4. The appellant filed a pro se notice of appeal.

## II.  Analysis

The appellant contends that the trial court erred by not allowing him to "waive into" being sentenced under the 2005 amendments to the Sentencing Act, that the trial court erred by failing to sentence him as an especially mitigated offender for all of the offenses, and that his sentences still violate Blakely. The State argues that the trial court did not have jurisdiction to amend the appellant's sentences and that this court should dismiss the appeal because his notice of appeal was untimely.

Regarding the State's claim that the trial court erred by modifying the appellant's sentences in counts 3 and 4 on June 4, 2012, we agree. The judgment of a trial court becomes final thirty days after entry, absent a timely notice of appeal or an appropriate post-trial motion. Tenn. R. App. P. 4(a), (c). "Generally, a trial court has no power to amend its judgment once the judgment becomes final." State v. Green, 106 S.W.3d 646, 648-49 (Tenn. 2002). We note that "a trial judge may correct an illegal, as opposed to a merely

---

[1]Although the record reflects that the appellant was represented by counsel on November 29, 2011, the appellant filed the motions pro se.

[2]A judgment of conviction for count 8, aggravated assault, is in the technical record. According to the judgment form, the judgment was amended and reentered on November 29, 2011. However, nothing indicates that the appellant was ever convicted of count 8. Apparently, the trial court mistakenly amended and reentered the judgment for count 8 instead of count 7.

erroneous, sentence at any time, even if it has become final." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). However, non-jurisdictional errors, such as irregularities in offender classification, "must be obtained, if at all, in a timely filed appeal as of right." Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008). Pursuant to this court's August 2011 opinion, the trial court entered the judgments of conviction on November 29, 2011, to reflect the minimum presumptive sentences. The trial court's jurisdiction on remand was limited solely to entry of the revised judgments of conviction reflecting the minimum presumptive sentences. Given the limited scope of the remand from this Court, the trial court did not ever regain jurisdiction over this matter to the extent that it could even consider the appellant's mitigated offender argument. Given the situation, even assuming the appellant had some right of appeal from the entry of the revised judgments, the time for filing any such appeal would have expired thirty days after the entry of the revised judgments. Accordingly, we reinstate the appellant's twenty-year sentence for especially aggravated kidnapping in count 3 and eight-year sentence for aggravated kidnapping in count 4.

Given that the trial court was without jurisdiction to conduct a sentencing hearing and modify the appellant's sentences on June 4, 2012, the appellant's notice of appeal was untimely. Regardless, Rule 4 provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). We have chosen to waive the timely filing to address the appellant's claims.

Regarding the appellant's claim that the trial court erred by not allowing him to "waive into" the 2005 amendments to the Sentencing Act, the record reflects that the appellant raised this issue previously and that this court stated as follows:

> [T]the record is quite clear in this case that the trial court did afford the defendant an opportunity to elect which law he chose to be sentenced under. The record reflects a discussion with the defendant's trial counsel, after which counsel explicitly stated that it was preferable for the defendant to be sentenced under prior law. The defendant may not complain about the decision which was reached. No relief is warranted.

Stephen Anthony Scott, No. M2010-00448-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 632, at *25. Thus, this issue has been previously determined and cannot be revisited.

Next, the appellant claims that the trial court erred by failing to sentence him as an especially mitigated offender for all of his convictions. However, the record reflects that the trial court did not apply any mitigating factors to the appellant's sentences for counts 1, 2,

or 7. Therefore, the appellant could not be classified as an especially mitigated offender for those convictions. See Tenn. Code Ann. § 40-35-109(a)(2) (providing that a trial court may find a defendant to be an especially mitigated offender if the court finds mitigating, but no enhancement factors). As to the appellant's sentences for counts 3 and 4, the trial court noted that because the appellant had "mitigating but no enhancement," it was finding the appellant to be an especially mitigated offender. The State strongly objected, and the trial court answered, "Well, I don't think that's what the Court of Appeals intended to happen, but I think that's . . . what I have to do." The trial court is incorrect. Even if a defendant is eligible for especially mitigated offender status, sentencing the defendant as an especially mitigated offender is discretionary, not mandatory. See Tenn. Code Ann. § 40-35-109(a) (stating that a court "may find the defendant is an especially mitigated offender"). Indeed, especially mitigated status is reserved for "instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." Tenn. Code Ann. § 40-35-109, Sentencing Comm'n Cmts. In this case, the record demonstrates that the trial court classified the appellant as an especially mitigated offender only because the court thought it was required to do so. Therefore, we refuse to hold that the appellant should be classified as an especially mitigated offender with regards to counts 3 and 4.

Finally, the appellant contends that his sentences still violate Blakely. However, this court specifically addressed Blakely in its August 2011 opinion and ordered that the trial court reenter the judgments to reflect the minimum presumptive sentence for each conviction to comply with the dictates of Blakely. See Stephen Anthony Scott, No. M2010-00448-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 632, at **8-9. The judgments correctly reflect the minimum presumptive sentences for the appellant's convictions. See Tenn. Code Ann. § 40-35-210(c) (2003) (providing that the presumptive sentence for a Class B, C, and D felony shall be the minimum sentence in the range and that the presumptive sentence for a Class A felony is the midpoint in the range if no enhancement or mitigating factors are present). Therefore, the appellant is not entitled to relief.

### III. Conclusion

Based upon the record and the parties' briefs, we conclude that the trial court was without jurisdiction to modify the appellant's sentences on June 4, 2012. Therefore, we reverse the judgments of the trial court regarding counts 3 and 4 and remand the case to the trial court for reinstatement of the appellant's twenty-year sentence in count 3 and eight-year sentence in count 4. We also remand the case to the trial court in order for the court to modify the appellant's sentence for count 7, attempted robbery, to two years and reenter that

judgment of conviction pursuant to this court's opinion filed on August 16, 2011, resulting in a total effective sentence of thirty years. The remaining judgments of the trial court are affirmed.

_____
NORMA McGEE OGLE, JUDGE