# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## MYRON L. JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 13CV49**

---

**No. M2013-02314-CCA-R3-HC - Filed July 24, 2014**

---

The Appellant, Myron L. Johnson, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ. joined.

Myron L. Johnson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Clark B. Thornton, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was convicted by a Davidson County jury of first degree murder and especially aggravated robbery in 2008. *State v. Myron Lorenzo Johnson*, No. M2008-02198-CCA-R3-CD, 2010 WL 521028 (Tenn. Crim. App., Feb. 12, 2010), *perm. to app. denied*, (Tenn., May 12, 2010). The Appellant was sentenced to life imprisonment for the murder conviction plus sixty years for the robbery conviction, to be served at 100%. In 2013, the Appellant filed a petition for a writ of habeas corpus. The Appellant challenged the validity of his sentences. The trial court summarily dismissed the petition. In response to the record and the Appellant's brief on appeal, the State has moved this Court to affirm the trial court ruling pursuant to Court of Criminal Appeals Rule 20. Said request is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedure for seeking such a writ. The grounds upon which our law provides relief, however, are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). As the State aptly points out, only jurisdictional defects in a sentence may be challenged in a habeas corpus petition. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). Accordingly, the judgment or record must plainly show that a sentence directly contravenes a governing statute or is otherwise unavailable under governing statutes. *Id.* Offender classification, however, is a non-jurisdictional element of sentencing. *Id.*

Having reviewed the record on file, this Court concludes that the trial court did not err in summarily dismissing the Appellant's petition for habeas corpus relief. The Appellant's sentences have not expired, and there is nothing on the face of the judgments or the record to suggest that the trial court lacked jurisdiction to sentence the Appellant to life imprisonment for his first degree murder conviction and sixty years at 100% as a career offender for his especially aggravated robbery conviction. *See* Tenn. Code Ann. §§ 39-13-202(c) and 40-35-211(1) (authorizing life sentence for first degree murder conviction); §§ 40-35-108, 40-35-112(c) and 40-35-501(i) (authorizing sixty years at 100% for especially aggravated robbery conviction for Range III career offender). Accordingly, the State's motion is granted, and the judgment of the trial court is hereby affirmed in accordance with Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

2