# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MICHAEL BRANDON ADAMS v. ERIC QUALLS, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 4681    J. Randall Wyatt, Jr., Judge**

---

**No. M2014-00174-CCA-R3-HC - Filed August 11, 2014**

---

The Appellant, Michael Brandon Adams, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH AND THOMAS T. WOODALL, JJ., joined.

Michael Brandon Adams, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Sophia Lee, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant pleaded guilty to aggravated child abuse in 2004. *Michael Brandon Adams v. State*, No. M2007-00396-CCA-R3-PC, 2008 WL 544605 (Tenn. Crim. App., at Nashville, Feb. 21, 2008), *perm. app. denied*, (Tenn., June 23, 2008). The Appellant was sentenced to an eighteen-year prison term, to be served at 100%. In 2013, the Appellant filed a petition for a writ of habeas corpus, claiming that he had received the ineffective assistance of counsel and challenging his sentence. The trial court summarily dismissed the petition. In response to the record and the Appellant's brief on appeal, the State has moved this Court to affirm the trial court's ruling pursuant to Court of Criminal Appeals Rule 20. Said request is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas

corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedure for seeking such a writ. The grounds upon which our law provides relief, however, are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Only jurisdictional defects in a sentence may be challenged in a habeas corpus petition. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). Accordingly, the judgment or record must plainly show that a sentence directly contravenes a governing statute or is otherwise unavailable under governing statutes. *Id.* Offender classification, however, is a non-jurisdictional element of sentencing. *Id.*

Having reviewed the record on file, this Court concludes that the trial court did not err in summarily dismissing the Appellant's petition for habeas corpus relief. The Appellant's sentences have not expired, and there is nothing on the face of the judgments or the record to suggest that the trial court lacked jurisdiction to sentence the Appellant. The Appellant's claim that he entered a involuntary guilty plea because he received the ineffective assistance of counsel is not an appropriate claim; it is merely a claim that the judgment of his conviction may be voidable, which is not a cognizable claim for habeas corpus relief. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Accordingly, the State's motion is granted, and the judgment of the trial court is hereby affirmed in accordance with Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE

2