# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TOMMY LEE CLARK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 10CR9544     R. Lee Moore, Jr., Judge**

---

**No. W2011-00463-CCA-R3-HC - Filed July 7, 2011**

---

The Petitioner, Tommy Lee Clark, appeals the Circuit Court of Lake County's dismissal of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Tommy Lee Clark, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner was convicted of aggravated burglary, attempted aggravated burglary, and possession of a deadly weapon other than a firearm with the intent to employ it during the commission of a dangerous offense. The trial court sentenced him to fifteen years, twelve years, and six years, respectively, and ordered that each sentence run consecutively for an effective sentence of thirty-three years. The trial court classified the Petitioner as a career offender with regard to his attempted aggravated burglary and weapon convictions and as a Range III persistent offender with regard to his aggravated burglary conviction. The Petitioner's convictions and the imposition of consecutive sentences were upheld on direct

appeal. See State v. Tommy Lee Clark, No. W2007-01829-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 613 (Tenn. Crim. App., at Jackson, Aug. 11, 2008), perm. to appeal denied (Tenn. Jan. 20, 2009).

On April 7, 2009, the Petitioner filed a petition for post-conviction relief, which was denied by the post-conviction court following an evidentiary hearing. On appeal, this Court affirmed the denial of the petition. See Tommy Lee Clark v. State, No. W2009-01613-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 329 (Tenn. Crim. App., at Jackson, Apr. 21, 2010), perm. to appeal denied (Tenn. Aug. 22, 2010).

On September 21, 2009, the trial court amended the judgment for the Petitioner's aggravated burglary conviction, changing the Petitioner's status from a persistent offender to a career offender. The Petitioner subsequently submitted a "Motion to Reopen or, in the Alternative, Petition for Relief from Conviction or Sentence," arguing that the trial court lacked jurisdiction to amend the judgment for the aggravated burglary conviction. The lower court denied the Petitioner's motion to reopen. The court also addressed the motion as a habeas corpus petition and denied relief. The Petitioner filed an application for permission to appeal, which this Court denied on November 23, 2010. See Tommy Lee Clark v. State, No. W2010-01278, CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 23, 2010). We declined to address the Petitioner's motion as a habeas corpus petition because it was not filed in the county nearest to the Petitioner and the record did not include the amended judgment.

In December 2010, the Petitioner filed a petition for habeas corpus relief in the Circuit Court of Lake County, maintaining that the trial court lack jurisdiction to amend the judgment for the aggravated burglary conviction. On February 3, 2011, the trial court entered an order denying the petition. The Petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In the Rule 20 motion, the State asserts that the Petitioner's challenge to his offender classification is not a proper basis for a claim for habeas corpus relief. Offender classification is a non-jurisdictional element of sentencing. Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008). The Petitioner's claim regarding his classification renders his judgment, at most, voidable and not void. See id. at 925. Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE