IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2011

# RENWICK A. EARLS, JR. v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5665      Lynn W. Brown, Judge**

**No. E2010-01754-CCA-R3-HC - Filed September 26, 2011**

The petitioner, Renwick A. Earls, Jr., pled guilty to one count of second degree murder and received a sentence of forty years as a Range II offender. He now appeals the dismissal of his petition for habeas corpus relief, arguing that the trial court did not have the authority to sentence him to forty years, rendering the judgment void. Because the petitioner has failed to establish that his judgment is void or that he is otherwise entitled to relief, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Renwick A. Earls, Jr., Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 29, 2007, the petitioner pled guilty to one count of second degree murder. He was sentenced to forty years in prison, to be served as a Range II offender. Thereafter, the petitioner filed an unsuccessful petition for post-conviction relief. On May 4, 2010, the petitioner filed the instant petition for habeas corpus relief, which the trial court denied in a written order filed July 7, 2010. The petitioner filed an untimely notice of appeal on August 18, 2010.

**Standard of Review**

Whether or not habeas corpus relief should be granted is a question of law. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Our review on appeal is *de novo*, without affording any presumption of correctness to the findings or conclusions of the lower court. *Edwards*, 269 S.W.3d at 919 (*citing Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

**Analysis**

Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2011). A writ of habeas corpus may only be used to contest an expired sentence or void judgment, not merely to challenge judgments that may be erroneous or voidable. *Edwards*, 269 S.W.3d at 920. "The Defendant has the burden to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000)). A trial court may summarily dismiss a habeas corpus petition if "from the showing of the petitioner, the plaintiff would not be entitled to any relief." T.C.A. § 29-21-109 (2011); *see also Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (1964).

On appeal, the petitioner argues that the trial court improperly denied his petition because the court lacked the authority to sentence him to forty years, thereby making the judgment void. Specifically, he alleges that his sentence exceeds the statutory minimum sentence in violation of Tennessee Code sections 40-35-103(4) and 40-35-210(c)(1). However, this claim is based on an erroneous interpretation of the relevant statutory provisions.

As a preliminary matter, we note that the State argues that the petitioner's appeal should be dismissed because he failed to file a timely notice of appeal. Pursuant to Tennessee Rules of Appellate Procedure 4(a), an appeal must be filed within thirty days after the date that the judgment being appealed was entered. Tenn. R. App. P. 4(a) (2011). Although failing to file a timely notice of appeal may be grounds for dismissal, "in all criminal cases, the 'notice of appeal' document is not jurisdictional, and the filing of such document may be waived in the interest of justice." *Id*. This court has previously concluded that waiver was not justified where a petitioner waited several months to file a notice of appeal. *See Porterfield v. Bell*, No. M2006-02082-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 732, at *4 (Tenn. Crim. App. at Nashville, Sept. 17, 2007). In the instant case, however, the petitioner filed his notice of appeal less than two weeks after the thirty-day

deadline. As such, we conclude that the interests of justice weigh in favor of waiving his untimely notice of appeal, and we will consider the merits of the petitioner's appeal.

Turning to the merits of the appeal, the petitioner contends that his sentence exceeds the statutory minimum in violation of Tennessee Code sections 40-35-103(4) and 40-35-210(c)(1), which, at the time of his sentencing, directed judges to impose the minimum or least severe punishment necessary to fit the facts of the crime and achieve the purposes of sentencing. The petitioner's interpretation of these statutes as they relate to the validity of his sentence, however, is flawed. The petitioner pled guilty to second degree murder, a Class A felony, as a Range II offender. The sentencing range for a Range II offender convicted of a Class A felony was twenty-five to forty years. T.C.A. § 40-35-112(b)(1) (2007). The petitioner's forty-year sentence falls within this range. Consequently, his particular sentence is within the range authorized by statue and is not void.

The petitioner's confusion stems from his reading of statutory language of Tennessee Code section 40-35-210(c)(1), which states in pertinent part that "[t]he minimum sentence within the range of punishment is the sentence that should be imposed. . . ." T.C.A. §40-35-210 (c) (1) (2007). However, the preceding paragraph explains that section 40-35-210(c)(1) is merely an advisory guideline. "In imposing a specific sentence within the range of punishment, the court shall *consider*, but is *not bound by*, the following *advisory* sentencing guidelines . . ." of which section 40-35-210(c)(1) is a part. T.C.A. 40-35-210(c) (2007) (emphasis added). As the language of the statute demonstrates, courts are not obligated to impose the minimum sentence within the range of punishment. "[S]o long as the sentence is available" under the range established by the applicable sentencing act, "the trial court may impose [the] sentence." *McConnell v. State*, 12 S.W.3d 795, 800 (Tenn. 2000). Because the petitioner's sentence falls within the spectrum permitted for a Range II offender found guilty of committing a Class A felony, the petitioner has failed to demonstrate that his judgment is void, and the trial court did not err in dismissing his petition for habeas corpus relief.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE