IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## DEWAYNE LEGGS v. DAVID B. WESTBROOK, WARDEN

**Appeal from the Circuit Court for Davidson County**
**No. 14C-4608     Joseph P. Binkley, Jr., Judge**

_____

**No. M2015-00210-CCA-R3-HC – Filed August 4, 2015**

_____

Petitioner, Dewayne Leggs, is appealing the order of the trial court denying his petition seeking habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. The motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Dewayne Leggs, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General, for the Appellee, David B. Westbrook.

**MEMORANDUM OPINION**

Petitioner is appealing the trial court's order summarily dismissing his petition for a writ of habeas corpus. In 2012, Petitioner pleaded guilty to robbery, a Class C felony. The judgment reflects that Petitioner "waive[d] range per St. v. Hicks [sic]," and he was sentenced to eight years imprisonment with release eligibility after serving thirty percent. Petitioner subsequently sought habeas corpus relief arguing that his sentence is illegal because the length of his sentence is greater than that allowed for his range classification. The trial court found nothing on the face of the judgment to suggest that Petitioner's sentence is void, and thus dismissed the petition. In response to Petitioner's brief on appeal, the State moves this Court to affirm the order of the trial court pursuant to Court

of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedure for seeking such a writ. The grounds upon which our law provides relief, however, are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001), *overruled on other grounds by Summers v. State*, 212 S.W.3d 251 (Tenn. 2007). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). As the State aptly points out, only jurisdictional defects in a sentence may be challenged in a habeas corpus petition. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). Accordingly, the judgment or record must plainly show that a sentence directly contravenes a governing statute or is otherwise unavailable under governing statutes. *Id.*

Petitioner correctly recognizes that the sentence range for a Range I, standard offender convicted of a Class C felony is three to six years. *See* Tenn. Code Ann. § 40-35-112(a)(3). Petitioner fails to recognize, however, that the overall sentence range for a Class C felony is three to fifteen years. *See* Tenn. Code Ann. § 40-35-111(b)(3). Moreover, as both the trial court and the State correctly observe, any irregularity as to offender classification or release eligibility may be waived as part of a negotiated plea deal. *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) (holding that Range II sentence coupled with Range I release eligibility is valid when imposed as part of plea bargain agreement). The judgment in this case reflects that Petitioner received a sentence that was Range II in length (eight years) but with Range I release eligibility (30%). As noted above, the judgment specifically notes that Petitioner "waive[d] range per St. v. Hicks [sic]." Because the Petitioner's agreed-upon sentence of eight years does not exceed the fifteen-year statutory maximum for a Class C felony, it is not void. *See Hoover v. State*, 215 SW.3d 776, 781 (Tenn. 2007) ("plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense"). Accordingly, the trial court did not err in summarily dismissing Petitioner's habeas corpus petition.

The order of the trial court is hereby affirmed pursuant to Rule 20.

_____
TIMOTHY L. EASTER, JUDGE