FILED

03/24/2017

Clerk of the
Appellate Courts

## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs March 7, 2017

## STATE OF TENNESSEE v. LARRY PREWITT

**Appeal from the Criminal Court for Shelby County**
**Nos. 09-04193, 09-04191   J. Robert Carter, Jr., Judge**

_____

## No. W2016-01516-CCA-R3-CD

_____

In September 2009, Larry Prewitt ("the Petitioner") pled guilty to two counts of aggravated burglary and was sentenced to three years in the workhouse with release eligibility after service of thirty percent of the sentence. On May 18, 2016, the Petitioner filed a "Motion to Challenge the Criminal Court Jurisdiction," arguing that the judgments were void, his guilty plea was unknowing and involuntary, and the indictments were fatally defective, which the trial court denied. After a thorough review of the record and applicable case law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Larry Prewitt, Mason, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy Weirich, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Factual and Procedural Background

*Guilty Plea Submission Hearing*

The Petitioner was indicted for aggravated burglary in case number 09-04193 and 09-04194. On September 15, 2009, the Petitioner entered a guilty plea to aggravated burglary in case number 09-04193 and entered a best interest plea to aggravated burglary in case number 09-04194. At the beginning of the plea submission hearing, the prosecutor stated that in case number 09-04193, the Petitioner was "pleading guilty as indicted to a class 'C' felony, aggravated burglary[,]" but in case number 09-04194, the prosecutor misstated that the Petitioner was pleading guilty to "a class 'E' felony, aggravated burglary." During its recitation of facts in support of the guilty plea, the State alleged that regarding case number 09-04193, on January 22, 2009, the Petitioner entered the residence of Andrew Pickens and stole property valued at $2,000. The State alleged that regarding case number 09-04194, on January 12, 2009, the Petitioner entered the residence of Nathan Perlsen and stole property valued at $1,100. The State further alleged that, during an interview with a police officer, the Petitioner waived his *Miranda* rights and signed a typed statement admitting to participating in the burglary of Mr. Perlsen's residence. The Petitioner stipulated to the State's factual basis of his convictions.

The Petitioner agreed that he wanted to enter a guilty plea, that he had discussed the plea petition with his counsel and had signed the petition, that he understood that he was waiving his right to a jury trial and appeal, and that if he proceeded to trial he had the right to confront the State's witnesses, present his own witnesses, and to testify or not testify. The Petitioner agreed that his convictions could be used to enhance any future convictions. The Petitioner stated that he was freely and voluntarily pleading guilty. The trial court found the Petitioner guilty and accepted his pleas. The Petitioner was sentenced to three years in the workhouse with release eligibility after service of thirty percent of the sentence.

*Prior Post-Conviction Motions*

On February 27, 2015, the Petitioner filed a "Motion for Writ of Coram Nobis," alleging that "(1) his guilty pleas violated Rule 11 of the Federal Rules of Criminal Procedure; (2) his guilty pleas were entered unknowingly and unintelligently because he received ineffective assistance of counsel; and (3) there was insufficient evidence to support his convictions." *Larry Prewitt v. State*, No. W2015-00839-CCA-R3-ECN, 2015 WL 8555268, at * 1 (Tenn. Crim. App. Dec. 11, 2015), *perm. app. denied* (Tenn. Mar.

23, 2016). The trial court addressed the motion as a corum nobis petition and held that the petition did not state a colorable claim for relief. *Id.* The trial court further determined that, if viewed as a petition for habeas corpus or post-conviction relief, both forms of relief were unavailable because the sentences had expired and the petition was not filed within the one-year statute of limitations for post-conviction relief. *Id.* On appeal, this court concluded that "the trial court applied the proper legal standard for coram nobis relief and correctly concluded that the Petitioner is not entitled to coram nobis relief because he did not make a colorable argument for such relief based on newly discovered evidence." *Id.* at *3. This court further held that "[t]he trial court correctly concluded that habeas corpus relief is not available to [the] Petitioner because he is no longer restrained of his liberty by those convictions as required by Tennessee Code Annotated section 29-21-101(a)" and that "the nature of Petitioner's primary claim based on ineffective assistance of counsel is not that his convictions are void, but merely that they are voidable, which does not warrant habeas corpus relief." *Id.* at *4. Lastly, this court held that the trial court correctly denied post-conviction relief because the Petitioner's filing was not within the statute of limitations. *Id.* at *5.

It additionally appears that the Petitioner previously filed a Rule 36.1 motion, alleging that his sentences were illegal because, during his guilty plea submission hearing, the prosecutor stated that the conviction for aggravated burglary in case number 09-04191 was a Class E felony, but the judgment form reflects a conviction for a Class C felony. *State v. Larry Prewitt*, No. W2016-00692-CCA-MR3-CD, slip op. at 1 (Tenn. Crim. App. May 5, 2016), *no perm. app. filed*. The trial court denied the Petitioner's Rule 36.1 motion on the grounds that the judgment sheets correctly reflected the aggravated burglary convictions and because the Petitioner's sentences had expired. *Id.* The Petitioner filed a motion asking this court to accept his late-filed appeal, which this court denied. *Id.* at 2.

### "Motion To Challenge The Criminal Court Jurisdiction"

On May 18, 2016, the Petitioner filed a "Motion To Challenge The Criminal Court Jurisdiction," which alleged that the judgments in case numbers 09-04193 and 09-04194 were void because the trial court lacked jurisdiction. The Petitioner also alleged that his guilty pleas were unknowingly and involuntarily entered because he was improperly sentenced outside of his sentencing range, and he asserted that the indictments in the underlying cases were fatally defective because the foreperson of the grand jury was appointed and not sworn. In its order denying the Petitioner's motion on June 9, 2016, the trial court noted that the Petitioner's sentences had been served and that the Petitioner previously attempted to collaterally attack his convictions. The trial court concluded that "[t]here is nothing to indicate facial invalidity of the matters or any lack of jurisdiction in the court at that time." The Petitioner timely appealed the trial court's order.

## II. Analysis

### *Void Judgments*

On appeal, the Petitioner argues that the Shelby County Criminal Court lacked jurisdiction to enter its judgments of conviction in his cases because "[t]he District Attorney's (DA) Office . . . violated Tennessee law by allowing Grand Jury Foreman 'Mary Thomas' to sign and judge cases without being sworn in as a valid juror[,]" and therefore, the Petitioner's judgments are void. The Petitioner points to Tennessee Code Annotated section 40-12-206 for support of his argument that "[t]he law does not provide for the judicial appointment of a 'foreman' into a Tennessee grand jury." Because lack of subject matter jurisdiction is a cognizable claim for habeas corpus relief, *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000), we will address this issue as a request for habeas corpus relief.

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

Initially, we note that it appears from the record that the Defendant has served his sentences for the convictions that he now attacks; therefore, habeas corpus relief is no longer available. *See* Tenn. Code Ann. § 29-21-101(a); *see also Hickman*, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."). Regardless, the Petitioner has not presented any evidence that the Shelby County

- 4 -

Criminal Court lacked subject matter jurisdiction over his case; therefore, the trial court's judgments are not facially void, and he is not entitled to habeas corpus relief. Tennessee Code Annotated section 40-1-108 states that "[t]he circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." Tenn. Code Ann. § 40-1-108. The Petitioner has not presented any evidence or case law to suggest that his cases were "criminal matters" that had been "exclusively conferred by law on some other tribunal"; therefore, the Shelby County Criminal Court had subject matter jurisdiction over his cases. Further, the statute that the Petitioner cites in support of his argument involves the impaneling of an investigative grand jury; this type of grand jury is only empaneled to investigate charges of certain criminal offenses, of which the Petitioner was neither indicted nor convicted. There is no evidence in the trial record that the grand jury that indicted the Petitioner was improperly impaneled. The Petitioner is not entitled to relief.

*Unknowing and Involuntary Guilty Plea*

The Petitioner asserts that his guilty plea in case number 09-04193 and his best interest plea in case number 09-04194 were unknowingly and involuntarily entered because during the guilty plea submission hearing, the State's attorney stated that "[i]n indictment 09-04194, [the Petitioner] is pleading guilty to a class 'E' felony, aggravated burglary."[1] Under the Post-Conviction Procedure Act, a petitioner may collaterally attack a conviction on the grounds that the guilty plea underlying the conviction was entered unknowingly or involuntarily. *See* Tenn. Code Ann. § 40-30-103. However, a claim for post-conviction relief must be filed, if no direct appeal is filed in the case, "within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). This statute of limitations cannot be tolled unless: (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required[;] (2) "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[;]" or (3) "[t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]" Tenn. Code Ann. § 40-30-102(b).

---

[1] It appears that the prosecutor mistakenly referred to the aggravated burglary charge in case number 09-04194 as a Class E felony as, only moments earlier, the prosecutor correctly referred to aggravated burglary as a Class C felony. *See* Tenn. Code Ann. § 39-14-403(b).

The judgments in this case were entered on September 15, 2009, and the judgments became final on October 15, 2009. The Petitioner was required to file his petition for post-conviction relief within one year of October 15, 2009, but failed to do so. Further, the Petitioner has not alleged any claims based upon an appellate court's final ruling establishing a constitutional right, upon new scientific evidence establishing his innocence, or that his sentence was enhanced based on a previous jury trial conviction that has since been held invalid. Therefore, the Petitioner is not entitled to tolling of the statute of limitations, and he is not entitled to post-conviction relief.

*Fatally Defective Indictments*

The Petitioner additionally argues that the indictments in case numbers 09-04193 and 09-04194 were fatally defective because the indictments were signed by the grand jury foreperson, whom he alleges was improperly appointed rather than sworn into the position.

In *James P. Stout v. State*, No. M2009-01171-CCA-R3-HC, 2010 WL 1333168, at *4 (Tenn. Crim. App. Apr. 5, 2010), *perm. app. denied* (Tenn. Aug. 26, 2010), the petitioner argued that he was illegally restrained because his underlying indictments were fatally defective due to "the unconstitutional selection of Tennessee's grand jury foreperson." This court held that the trial court properly concluded that the petitioner's claim was not cognizable in a habeas corpus proceeding. *Id.* Additionally, this court concluded that there was "nothing in the record to indicate that the trial court was without jurisdiction to sentence the Petitioner[.]" *Id.*

Similarly, we conclude that the trial court properly denied the Petitioner habeas corpus relief on this ground; we can discern no error from the record regarding the Petitioner's underlying indictments or in the impaneling of the grand jury. Additionally, it appears from the record that the Petitioner has served his sentences for the convictions that he now attacks; therefore, habeas corpus relief is no longer available. *See* Tenn. Code Ann. § 29-21-101(a); *see also Hickman*, 153 S.W. 3d at 23.

### III. Conclusion

For the aforementioned reasons, the judgment of the criminal court is affirmed.

_____
ROBERT L. HOLLOWAY JR., JUDGE