IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 28, 2018

## MARCUS T. JOHNSON v. DARREN SETTLES, WARDEN

**Appeal from the Criminal Court for Knox County**
No. 111073   Steven Wayne Sword, Judge

_____

### No. E2017-01848-CCA-R3-HC

_____

Marcus T. Johnson, the Petitioner, filed a Petition for Writ of Habeas Corpus ("the Petition") claiming that he was being illegally restrained of his liberty because the Tennessee Board of Probation and Parole ("the Parole Board") violated his due process rights by failing to timely serve him with a parole violation warrant and failing to conduct a preliminary hearing within fourteen days of the service of the warrant. The State moved to dismiss the Petition for failure to state a cognizable claim. The habeas corpus court granted the State's motion and summarily dismissed the Petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Marcus T. Johnson, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Charme Allen, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural and Factual Background

We glean the following history from the direct appeal following the revocation of the Petitioner's probation. The Petitioner pleaded guilty to the sale of cocaine and agreed to a ten-year suspended sentence. *State v. Marcus Terrell Johnson,* No. E2012-00015-CCA-R3-CD, 2012 WL 3651129, at *1 (Tenn. Crim. App. Aug. 27, 2012), *perm app. denied* (Tenn. Nov. 27, 2012). Approximately one month after the judgment of

conviction was entered, the State obtained a probation revocation warrant. *Id.* Following a revocation hearing, the Petitioner's probation was fully revoked, and the Petitioner was ordered to serve his sentence in the Department of Correction. *Id.* On appeal, this court affirmed the revocation. *Id.*

The Petitioner has filed numerous pleadings seeking relief, including two post-conviction petitions which were dismissed by the trial court and appealed to this court. *See Marcus Johnson v. State*, No. E2013-01464-CCA-R3-PC, 2014 WL 1118018, at *1 (Tenn. Crim. App. Mar. 20, 2014) (affirming the summary dismissal of the Petitioner's untimely petition for post-conviction relief), *perm. app. denied* (Tenn. June 24, 2014); *Marcus Johnson v. State*, No. E2016-00758-CCA-R3-PC, 2017 WL 2772691, at *1 (Tenn. Crim. App. June 26, 2017) (affirming under Rule 20 the trial court's summary dismissal of the Petitioner's second petition for post-conviction relief), *perm. app. denied* (Tenn. Sept. 20, 2017). The Petitioner has also filed four Tennessee Rule of Criminal Procedure 36.1 motions, two of which were appealed. In both appeals, this court affirmed the summary dismissal of the Petitioner's motion for failure to state a colorable claim. *See State v. Marcus T. Johnson*, No. E2016-00004-CCA-R3-CD, 2016 WL 3912565 (Tenn. Crim. App. July 13, 2016), *perm. app. denied* (Tenn. Oct. 19, 2016); *Marcus T. Johnson v. State*, No. E2016-00642-CCA-R3-CD, 2016 WL 6581354 (Tenn. Crim. App. Nov. 7, 2016), *no perm. app. filed*.

On July 26, 2017, the Petitioner filed the Petition, claiming that "the court was without jurisdiction to sentence and[/]or reincar[c]erate" him and that "the judgments are void." In the alternative, the Petitioner claimed that the Parole Board "had no [j]urisdiction to sentence or reincar[c]erate" him. Concerning the revocation of his parole, the Petitioner claimed that he was denied due process because he was detained for one and a half months before he was served with a notice of parole violation. The State moved to dismiss the Petition for failure to state a cognizable ground. The habeas corpus court found the State's motion well-taken and dismissed the Petition. The Petitioner timely appeals.

*Analysis*

On appeal, the Petitioner raises two issues: (1) whether the habeas corpus court erred in summarily dismissing the Petition, and (2) whether the revocation of his parole violated due process under the federal and state constitutions. The State argues that the habeas corpus court properly dismissed the petition. We agree with the State.

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable

- 2 -

judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

The Petitioner has failed to present any proof that the judgment of conviction for sale of cocaine is void, and it is clear from the face of the judgment entered on April 7, 2011, that his ten-year sentence has not expired.

The Petitioner offered no explanation or argument as to how "the court was without [j]urisdiction to sentence and reincar[ce]rate" him. It is apparent from the record that the Petitioner is referring to his parole revocation when he claims that he was re-incarcerated. The Parole Board, not the trial court, revoked his parole resulting in his "re-incar[c]eration."

The Petitioner claims that the Parole Board improperly revoked his parole. "Exclusive jurisdiction for judicial review of an action of the Board of Probation and Parole lies with the Chancery Court of Davidson County through a writ of certiorari." *Long v. Tennessee Bd. of Prob. & Parole*, 143 S.W.3d 787, 793 (Tenn. Crim. App. 2004). The habeas corpus court "lacked the authority to review the revocation decision of the Board." *Id.*

*Conclusion*

The Petitioner has failed to prove that the habeas corpus court erred in summarily dismissing the Petition. The judgment of the habeas corpus court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -