IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 5, 2019

FILED

03/11/2019

Clerk of the
Appellate Courts

## VERNON CHARLES PATTON V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 17-05076, 18-01030    John Wheeler Campbell, Judge**

————————————————————————

### No. W2018-01835-CCA-R3-HC

————————————————————————

Vernon Charles Patton, Petitioner, seeks habeas corpus relief from a pending indictment for which he is being held on bail awaiting trial.  The habeas corpus court summarily dismissed the petition because the petition failed to comply with the mandatory procedural requirements for filing for habeas corpus relief and failed to state a cognizable claim.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Vernon Charles Patton, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stacy M. McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 1, 2018, the Shelby County Grand Jury indicted Petitioner for aggravated rape.  His bail was set at $100,000.  Petitioner was incarcerated in the Shelby County jail awaiting trial when he filed his petition for writ of habeas corpus.  As best as we can determine from his pro se petition and the muddled attachments thereto, Petitioner

claims that law enforcement acted without probable cause in obtaining a search warrant and in arresting Petitioner for aggravated rape.[1]

By order entered October 17, 2018, the habeas corpus court summarily dismissed the petition, finding that the petition failed to state a cognizable claim and failed to comply with the mandatory procedural requirements of Tennessee Code Annotated section 29-21-107. Petitioner's notice of appeal was filed prematurely, but pursuant to Tennessee Rule of Appellate Procedure 4(d) we will treat it as filed after the order denying his petition was entered.

On appeal, Petitioner challenges the habeas corpus court's order dismissing his petition, asserting that his incarceration did not need to "be proven with 'paperwork,'" that the order "lack[ed] meaningful consideration of the facts presented" regarding his arrest and subsequent indictment, and that habeas corpus relief is "available as a remedy for constitutional due process violations."

As the State correctly avers in its brief:

> In Tennessee, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). Although the language of the statute is broad, "successful prosecution of the writ . . . has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). The Tennessee Supreme court previously held that:

> [h]abeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without

---

[1]The documents attached to the petition consist of various Memphis Police Department records, the arrest warrant, the search warrant, the search warrant affidavit, and a DNA Sample Release. The documents contain numerous handwritten comments by Petitioner.

jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus petition may be summarily dismissed without a hearing when the petition "fails to demonstrate that the judgment is void[.]" *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109). "Whether habeas corpus relief should be granted is a question of law[,]" which we review de novo. *Edwards*, 269 S.W.3d at 919.

Because a habeas corpus court may examine the record, including the indictment, a petition for writ of habeas corpus may be used to challenge a defective indictment *after* a judgment of conviction is entered to determine whether a judgment is void because "the indictment was so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).

Petitioner did not attach to his petition any judgment depriving him of his liberty because he has not been convicted of an offense and there is no such judgment. Petitioner cannot establish that his sentence has expired because he has not been sentenced. As the habeas corpus court stated, "Habeas [c]orpus is not available as a substitute for trial."

Petitioner has failed to prove that the habeas corpus court erred in summarily dismissing the petition. The judgment of the habeas corpus court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 3 -