IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2025

## GLENARD CORTEZ THORNE v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County
No. 24-CR-11015  Mark L. Hayes, Judge**

_____

### No. W2024-01594-CCA-R3-HC
_____

In 2008, the Petitioner, Glenard Cortez Thorne, was convicted of two counts of especially aggravated kidnapping and sentenced to a term of twenty-one years for each conviction. In 2024, the Petitioner applied for a writ of habeas corpus, alleging that the trial court failed to consider a required statutory mitigating factor at sentencing. The habeas corpus court summarily dismissed the application, and the Petitioner appealed. Upon our review, we respectfully affirm the judgments of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;
Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and JILL BARTEE AYERS, JJ., joined.

Glenard Cortez Thorne, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Abigail H. Hornsby, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

In 2008, a Davidson County jury convicted the Petitioner of two counts of especially aggravated kidnapping, among other offenses. The trial court sentenced the Petitioner to serve consecutive sentences of twenty-one years for each conviction. A summary of the factual background of this case may be found in our opinion resolving the Petitioner's

direct appeal. *See State v. Sandifer*, No. M2008-02849-CCA-R3-CD, 2010 WL 5343202, at *1 (Tenn. Crim. App. Dec. 21, 2010) (consolidated appeal), *perm. app. denied* (Tenn. May 26, 2011).

In 2024, the Petitioner filed an application for a writ of habeas corpus. In his application, the Petitioner alleged that his sentences are void because the trial court did not consider a statutory mitigating factor applying to kidnapping offenses. *See* Tenn. Code Ann. § 39-13-305(b)(2) ("If the offender voluntarily releases the victim alive or voluntarily provides information leading to the victim's safe release, such actions shall be considered by the court as a mitigating factor at the time of sentencing."). According to the Petitioner, the law requires the trial court to consider this mitigating factor, and the sentencing court's failure to consider this factor renders his sentence void.

The habeas corpus court summarily denied the application by a detailed written order entered on September 23, 2024. The court reasoned that the Petitioner's claim, at best, would render the judgments voidable rather than void. The court also concluded that the proof at trial did not support the application of the statutory mitigating factor. The Petitioner filed a timely notice of appeal on October 21, 2024.

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court should have granted relief. This question is one of law, and our standard of review is "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

In this appeal, the Petitioner argues that the sentences for his especially aggravated kidnapping convictions are void because the trial court failed to consider the statutory mitigating factor involving the voluntary release of the victims. *See* Tenn. Code Ann. § 39-13-305(b)(2). He also asserts that the habeas corpus court erred in dismissing the application without first appointing counsel and holding an evidentiary hearing. The State responds that the Petitioner has failed to show that his judgments are void and that summary dismissal was warranted. We agree with the State.

2

The privilege of the writ of habeas corpus is constitutionally guaranteed by Article I, Section 15 of the Tennessee Constitution, which states that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Our supreme court has recognized that, "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). As such, successful prosecution of the writ "has long been limited to showing that the original judgment of conviction *was void* due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Id.* (emphasis added). Stated another way, "the purpose of a habeas corpus petition is to contest *void* and not merely *voidable* judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (emphasis added); *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) ("The determinative issue, then, in every habeas corpus proceeding is whether the challenged judgment is void.").

In the context of sentencing, our supreme court has recognized that the writ of habeas corpus reaches only those sentences that contain "fatal errors" or those that have errors "so profound as to render the sentence illegal and void." *Cantrell v. Easterling*, 346 S.W.3d 445, 452-53 (Tenn. 2011), *superseded by rule on other grounds*, Tenn. R. Crim. P. 36.1. Among the kind of errors that would render a sentence illegal are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015); *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (same). Conversely, issues related to the length of the sentence, including consideration of mitigating factors, "are to be addressed on direct appeal and *not* in a post-conviction or habeas corpus proceeding." *Cantrell*, 346 S.W.3d at 451 (emphasis in original); *Wooden*, 478 S.W.3d at 596.

In this case, the Petitioner does not argue that the trial court lacked statutory authority to impose a sentence of twenty-one years for each of his convictions. Instead, he argues that the trial court failed to apply a statutory mitigating factor when considering the length of his sentences within the appropriate range. We respectfully disagree that this fact, even if true, renders the sentences illegal and void.

Fundamentally, the nature of the Petitioner's claim challenges the underlying sentencing procedure used by the trial court, not the legality of his sentence. Thus, consistent with *Cantrell*, this court has often recognized that "[c]hallenges to the

consideration of mitigating evidence related to sentencing are not cognizable grounds of habeas corpus relief." *Blackstock v. State*, No. E2019-01446-CCA-R3-ECN, 2020 WL 2844527, at *2 (Tenn. Crim. App. June 1, 2020), *no perm. app. filed*; *see also McClenton v. State*, No. W2021-01054-CCA-R3-HC, 2022 WL 3153982, at *4 (Tenn. Crim. App. Aug. 8, 2022) (holding that the petitioner's "claim that the trial court failed to consider certain mitigating evidence during sentencing is not a cognizable claim for relief."), *no perm. app. filed*; *Martinez-Aleman v. Washburn*, No. M2019-02174-CCA-R3-HC, 2020 WL 5668657, at *2 (Tenn. Crim. App. Sept. 24, 2020) ("Misapplication of enhancement or mitigating factors is not a ground for habeas corpus relief."), *no perm. app. filed*. The habeas corpus court properly found that the application failed to state a claim for relief.

The Petitioner also asserts that the habeas corpus court erred in summarily dismissing the application without first appointing counsel and holding an evidentiary hearing. We again respectfully disagree. Our supreme court has recognized that if the habeas corpus court determines that a petitioner has not presented a cognizable claim for relief, the court may summarily dismiss the application for a writ of habeas corpus. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). This summary dismissal may occur without the appointment of counsel or an evidentiary hearing. *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). This claim is without merit.

## CONCLUSION

In summary, we hold that the Petitioner has failed to show that his sentences are illegal and void. As such, we respectfully affirm the judgments of the habeas corpus court summarily dismissing the Petitioner's application.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE