# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT JACKSON
### Assigned on Briefs September 9, 2025

## FREDERICK DEMETRIUS DEBERRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 24-CR-190      A. Blake Neill, Judge**

_____

### No. W2025-00048-CCA-R3-HC

_____

A Fayette County jury convicted the Petitioner, Frederick Demetrius Deberry, of aggravated rape, and the trial court imposed a twenty-year sentence to be served consecutively to a federal sentence. The Petitioner thereafter filed an application for a writ of habeas corpus, asserting that his conviction and sentence were void for the following reasons: (1) the trial court improperly overruled his objections to the State's peremptory strikes of Black jurors; (2) the trial court improperly admitted hearsay testimony; (3) trial and appellate counsel rendered ineffective assistance; (4) the evidence was insufficient to support his conviction; (5) the court unlawfully enhanced his sentence and ordered it to run consecutively to his federal sentence; and (6) the post-conviction court erred by dismissing his earlier petition without a hearing. The habeas corpus court summarily dismissed the application, concluding that the alleged claims, even if true, would render the challenged judgment voidable rather than void. The Petitioner now appeals. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Affirmed

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Frederick Demetrius Deberry, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In 1992, a Fayette County jury convicted the Petitioner of aggravated rape. The trial court sentenced him to serve a term of twenty years' incarceration, which was to be served consecutively to a separate federal sentence.[1] A summary of the factual background of this case may be found in our opinion resolving the Petitioner's direct appeal. *See State v. Deberry*, No. 02C01-9304-CC-00074, 1993 WL 492702 (Tenn. Crim. App. Dec. 1, 1993), *perm. app. denied* (Tenn. May 16, 1994).

Thirty-two years later, the Petitioner filed a pro se application for a writ of habeas corpus. In his application, the Petitioner asserted that his conviction and sentence were void or voidable because the trial court committed multiple federal and state constitutional errors that deprived him of a fair trial and due process of law. More specifically, he alleged that the trial court erred by overruling his objections to the State's peremptory strikes of Black jurors during jury selection, admitting hearsay testimony, imposing an unlawful consecutive sentence, and summarily dismissing his earlier post-conviction petition. He further claimed that he was denied effective assistance of counsel at trial and that the evidence was insufficient to support his conviction.

The habeas corpus court summarily dismissed the application by a written order filed on December 10, 2024. The court concluded that the Petitioner's claims had either been previously determined or were not cognizable in habeas corpus proceedings.[2] The Petitioner then filed a timely notice of appeal twenty-eight days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

With respect to every issue on appeal, our supreme court has recognized that a reviewing court must ask, "[W]hat is the appropriate standard of review?" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas

---

[1]     The habeas corpus court found that the Petitioner's sentence began to run on July 23, 2014.

[2]     Before filing his application for a writ of habeas corpus, the Petitioner sought various forms of post-conviction relief. This history is detailed in *State v. Deberry*, No. W2022-01530-CCA-R3-CD, 2023 WL 4450491, at *1 (Tenn. Crim. App. July 11, 2023), *perm. app. denied* (Tenn. Nov. 20, 2023).

corpus court erred in summarily dismissing the application. This question is one of law, which we review "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

The privilege of the writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although constitutionally protected, the Tennessee Supreme Court has explained that "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Instead, "a habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

Thus, the scope of the writ is narrow. Its successful prosecution "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Ritchie*, 20 S.W.3d at 630. Our supreme court has made clear that habeas corpus relief is available "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (citation and internal quotation marks omitted). By contrast, "[a] petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

Although the writ is constitutionally guaranteed, the procedures used to issue the writ have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq*. Under those statutes, the petitioner bears the burden to establish by a preponderance of the evidence that the judgment is void or the confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If a petition fails to state a cognizable claim, the court may summarily dismiss it. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Summary dismissal, without appointment of counsel or an evidentiary hearing, is appropriate where

the judgment or record shows no indication that the conviction is void or that the sentence has expired. *Summers*, 212 S.W.3d at 261.

In his appeal, the Petitioner raises several challenges to his original conviction. However, none of the alleged grounds for relief demonstrates that the original trial court was without jurisdiction to hear and adjudicate the Petitioner's case. Indeed, our courts have repeatedly recognized that the following types of claims—each of which the Petitioner advances here—are not cognizable in habeas corpus proceedings:

- **Due Process and Fair Trial Claims:** claims alleging violations of the constitutional rights to due process of law and a fair trial, *see, e.g.*, *Ritchie*, 20 S.W.3d at 630; *Mills v. Turner*, No. W2003-01908-CCA-R3-HC, 2004 WL 735231, at *2 (Tenn. Crim. App. Apr. 5, 2004), *no perm. app. filed*;

- **Jury Selection Challenges:** challenges to the manner of jury selection or the disqualification of jurors, *see, e.g.*, *Jones v. Eller*, No. E2024-00212-CCA-R3-HC, 2024 WL 4850665, at *5 (Tenn. Crim. App. Nov. 21, 2024), *perm. app. denied* (Tenn. Mar. 12, 2025); *Norwood v. State*, No. E2007-01871-CCA-R3-HC, 2008 WL 1946815, at *1 (Tenn. Crim. App. May 5, 2008), *no perm. app. filed*;

- **Evidentiary Challenges:** challenges involving the admission of hearsay evidence or Confrontation Clause issues, *see, e.g.*, *Allen v. State*, No. W2014-00041-CCA-R3-HC, 2014 WL 2993861, at *1 (Tenn. Crim. App. June 30, 2014), *no perm. app. filed*; *Bradfield v. Steward*, No. W2010-01747-CCA-R3-HC, 2011 WL 319821, at *2 (Tenn. Crim. App. Jan. 27, 2011), *perm. app. denied* (Tenn. July 15, 2011);

- **Sufficiency Claims:** claims that the evidence at trial was legally insufficient to sustain a petitioner's conviction, *see, e.g.*, *Jones v. State*, No. W2021-00355-CCA-R3-HC, 2022 WL 414156, at *5 (Tenn. Crim. App. Feb. 11, 2022), *no perm. app. filed*;

- **Sentencing Challenges:** challenges to non-fatal errors in sentencing, including disputes over allegedly excessive sentences or improper consecutive sentencing, *see, e.g.*, *Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011); and

- **Ineffective Assistance of Counsel Claims:** claims that a petitioner was denied the effective assistance of counsel, *see, e.g.*, *Tate v. Perry*, No. M2024-

01049-CCA-R3-HC, 2025 WL 1166024, at *3 (Tenn. Crim. App. Apr. 22, 2025), *no perm. app. filed*.

Collectively, these categories of alleged errors, even if established, would render the judgment voidable rather than void and, therefore, do not support habeas corpus relief. *Summers*, 212 S.W.3d at 255-56. The Petitioner is not entitled to relief on these grounds.

Apart from these substantive challenges, the Petitioner also seeks habeas corpus relief on the basis that his earlier post-conviction petition was improperly dismissed without a hearing. However, a petitioner may not employ the writ of habeas corpus to relitigate issues that have already been resolved in prior post-conviction proceedings. *See Lovera v. State*, No. W2014-00794-CCA-R3-HC, 2014 WL 7432893, at *3-4 (Tenn. Crim. App. Dec. 30, 2014), *perm. app. denied* (Tenn. May 18, 2015). In this case, the summary dismissal of the Petitioner's earlier post-conviction petition was previously raised and fully adjudicated through an appeal. *See Deberry v. State*, No. W2015-00951-CCA-R3-PC, 2016 WL 369390, at *4 (Tenn. Crim. App. Jan. 29, 2016) (affirming summary dismissal of an untimely post-conviction petition), *no perm. app. filed*. Because the Petitioner may not relitigate post-conviction issues in this habeas corpus proceeding, he is not entitled to relief on this ground.

## CONCLUSION

In summary, we hold that the Petitioner has not shown that the challenged judgment is void or that his sentence has expired. Accordingly, we respectfully affirm the judgment of the habeas corpus court summarily dismissing the application.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE

- 5 -